PATTON BOGGS LLP, Appellant

v.

Kate MOSELEY, Appellee.

In re Patton Boggs LLP, Relator.

No. 05–11–01097–CV.

Court of Appeals of Texas,
Dallas.

Dec. 29, 2011.

Rod Phelan, Samara L. Kline, Jessica B. Pulliam, Dallas, for Appellant.

R. Rogge Dunn, Joshua J. Iacuone, Dallas, for Appellee.

Before Justices BRIDGES, LANG, and FILLMORE.

## OPINION

Opinion By Justice FILLMORE.

Patton Boggs LLP filed (1) a petition for writ of mandamus contesting the trial court's order granting Kate Moseley's petition for rule of civil procedure 202 (rule

1. *See* 42 U.S.C.A. §§ 2000e–2000e–17 (West 2003 & Supp.2011).

2. *See* 29 U.S.C.A. § 206(d) (West 1998).

202) depositions and (2) an interlocutory appeal of the trial court's denial of Patton Boggs LLP's motion to compel arbitration. By order of August 31, 2011, this Court consolidated the original proceeding (number 05–11–01163–CV, styled *In re Patton Boggs LLP* ), with this appeal, treating the original proceeding as a closed case. The interlocutory appeal and original proceeding were argued together and we dispose of them together. *See In re Valero Energy Corp.,* 968 S.W.2d 916, 916–17 (Tex. 1998, orig. proceeding) (per curiam). We conditionally grant Patton Boggs LLP's petition for writ of mandamus. We dismiss Patton Boggs's interlocutory appeal for lack of jurisdiction.

## Background

Kate Moseley (Moseley) is a former partner with the law firm of Patton Boggs LLP (Patton Boggs). Moseley withdrew from the partnership effective May 1, 2010. In December 2010, Moseley filed a Charge of Discrimination against Patton Boggs with the Equal Employment Opportunity Commission (EEOC). In the Charge, Moseley complains she was discriminated against because of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII),[1] and paid less than her male counterparts in violation of the Equal Pay Act of 1963, as amended.[2] Moseley also asserts in the Charge that from 2007 to 2010, she "was denied equity partner and a share of the firm's profits."

Thereafter, Moseley filed a petition in the trial court to take the depositions of two Patton Boggs lawyers and a corporate representative of Patton Boggs pursuant to rule 202.[3] In her petition, Moseley

3. Moseley also requested production of documents in connection with the rule 202 depositions. The trial court ordered production of the following documents: documents indicating "the reason why [Moseley] was not pro-

stated she expected to elicit testimony in those depositions on the following subjects: the circumstances relating to Patton Boggs's failure to make her an equity partner; the circumstances regarding attorneys who made or did not make equity partner at Patton Boggs in the years 2007 through 2010; whether Patton Boggs has hired a replacement for Moseley or had job openings for which Moseley was qualified; the circumstances surrounding Patton Boggs's failure to provide Moseley with attribution on the work performed by Moseley for certain clients; and the circumstances surrounding Patton Boggs's failure to distribute compensation or "return contributions" to Moseley. In her petition, Moseley requested an order from the trial court authorizing the taking of the depositions under rule 202 to enable Moseley's investigation of a claim. See TEX.R. CIV. P. 202.1(b). Moseley states in her petition that she:

seeks to investigate a potential breach of contract claim, sex discrimination and/or tort claim [she] may have against [Patton Boggs] and to resolve certain questions and unknowns that will better enable [her] to assess the appropriateness of entering into settlement discussions, whether [her] claims should be pursued and the appropriateness of filing a lawsuit and who, if anyone, should be sued.

In her petition, Moseley states that she anticipates she will be in a better position to determine whether or not claims should be prosecuted or a lawsuit filed against Patton Boggs after taking depositions pursuant to rule 202 and the depositions will be of value in:

resolving pending questions and unknowns associated with actions [Patton Boggs] took against her, [Patton Boggs's] actions or inactions in light of its knowledge of prior complaints of [Patton Boggs's] gender bias and discrimination, [Patton Boggs's] failure to make [Moseley] an equity partner, [Patton Boggs's] failure to distribute bonuses and partnership distributions, failure to return [Moseley's] capital within 6 months of her departure, failure to return [Moseley's] defined benefit plan contribution, failure to return or account for [Moseley's] 401(k) withholding, failure to award points toward discretionary comp [sic] for 2010, and failure to distribute management bonuses.

Patton Boggs objected to Moseley's petition to take depositions under rule 202, arguing that the petition seeks to "thwart the exclusive jurisdiction" of the EEOC as to claims already brought by Moseley against Patton Boggs under Title VII, the petition seeks a form of discovery—production of documents—not permitted by rule 202, the petition seeks "comprehensive and one-sided" pre-trial discovery rather than limited pre-suit discovery, Moseley's asserted need "to investigate a potential claim or suit" is pretext for strategic considerations which are the true reasons for seeking pre-suit depositions, Moseley cannot show a credible benefit of immediate pre-suit depositions which outweighs their burden or expense, and the petition seeks discovery of a type generally prohibited in ongoing litigation as a "fishing expedition."

Patton Boggs also filed a motion in the trial court to compel arbitration and stay the rule 202 depositions. In its motion to compel arbitration, Patton Boggs asserted that the written partnership agreement

moted to equity partner by [Patton Boggs]"; the standards, criteria and requirements for attorneys to be made an equity partner at Patton Boggs; Moseley's entire personnel file; and documents indicating Moseley's job performance or any problems with Moseley's job performance with Patton Boggs.

568

between Moseley and Patton Boggs required arbitration of any disputes arising out of or relating to Moseley's partnership with Patton Boggs. In the motion, Patton Boggs cited the following provision of the partnership agreement:

12.08 *Dispute Resolution.* Any controversy or claim arising out of or relating to any provision of this Agreement or the breach, termination, enforcement, interpretation or validity thereof or for which the Partnership or a Partner may have a right to maintain an action under D.C.Code § 33–104.05 (a "Claim") shall be resolved in the following manner:

(a) In the event of a Claim asserted by one or more Partners or Former Partners, the Partner(s) or Former Partner(s) asserting the Claim shall deliver to the Managing Partner a written notice which shall set forth generally the nature and grounds of the Claim and shall specify a notice period of at least thirty (30) days for the parties to attempt to resolve the matter consensually (a "Claim Notice").

\* \* \*

(c) In the event that the Claim has not been resolved within the notice period specified in the Claim Notice, the dispute shall be resolved by arbitration in the District of Columbia in accordance with the rules in effect of the Judicial Arbitration and Mediation Services, Inc. (or, if such entity does not exist, such other neutral arbitration entity as the Partnership may identify).... By mutual consent in writing, the Partnership and the other party or parties may

agree to resolve the dispute by arbitration or litigation in a jurisdiction other than the District of Columbia.

Moseley opposed Patton Boggs's motion to compel arbitration.

On August 15, 2011, the trial court signed an order denying Patton Boggs's motion to compel arbitration and granted Moseley's petition to take depositions pursuant to rule 202.[4] That order authorized Moseley to take the depositions of two Patton Boggs lawyers and a corporate representative of Patton Boggs and granted in part Moseley's request for document discovery. Patton Boggs filed a petition for writ of mandamus contesting the trial court's order granting Moseley's petition for rule 202 depositions and document discovery and filed an interlocutory appeal of the trial court's denial of Patton Boggs's motion to compel arbitration.

**Petition for Writ of Mandamus**

Relator Patton Boggs filed this original proceeding challenging the trial court's August 15, 2011 order authorizing Moseley to take the depositions of two Patton Boggs lawyers and a corporate representative of Patton Boggs pursuant to rule 202 and in granting in part Moseley's request for production of documents in conjunction with those depositions. *See* Tex.R. Civ. P. 202 & 202.1. In its petition for writ of mandamus, Patton Boggs argues "the trial court did not and could not make the required findings" under rule 202.4(a)(2).

We review the trial court's order granting the verified petition to take depositions before suit under an abuse of dis-

**4.** On July 7, 2011, the trial court signed an order granting Moseley's request for depositions under rule 202 and granting in part Moseley's request for production of documents. Following the filing of Patton Boggs's motion to reconsider the trial court's July 7, 2011 order on Moseley's petition under rule 202 and the trial court's denial of Patton Boggs's motion to compel arbitration and to stay the rule 202 proceeding, the trial court signed the August 15, 2011 order at issue in Patton Boggs's petition for writ of mandamus and interlocutory appeal.

cretion standard. *In re Hewlett Packard,* 212 S.W.3d 356, 360 (Tex.App.-Austin 2006, orig. proceeding [mand. denied] ). In order to obtain mandamus relief, relator must show both that the trial court has abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). Patton Boggs has met this burden.

Under rule 202.1(b), a person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions "to investigate a potential claim or suit." TEX.R. CIV. P. 202.1(b). Rule 202.1 provides:

A person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either:

(a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or

(b) to investigate a potential claim or suit.

TEX.R. CIV. P. 202.1. Rule 202.4(a), which prescribes the content of an order authorizing pre-suit depositions, provides:

(a) *Required Findings.* The court must order a deposition to be taken if, **but only if, it finds** that:

(1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; or

(2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure.

TEX.R. CIV. P. 202.4(a) (emphasis added).

Patton Boggs contends the trial court "could not make the required findings" under rule 202.4(a)(2) that the likely benefit of allowing the requested presuit discovery to investigate a potential claim outweighs the burden or expense of the procedure. Patton Boggs argues the discovery sought by Moseley pursuant to rule 202 does not comport with limitations on discovery under the arbitration provision of the partnership agreement between Moseley and Patton Boggs. In response, Moseley contends that she has not asserted a controversy or a claim arising out of or relating to any provision of the partnership agreement, and therefore has not triggered an obligation to arbitrate, but instead seeks discovery to investigate a "potential" claim.

In support of its contention that Moseley has asserted a claim or claims invoking the arbitration provision of the partnership agreement, Patton Boggs cites the Charge Moseley filed with the EEOC. In that Charge, Moseley stated she "believes" Patton Boggs discriminated against her based on her gender and she "feels" Patton Boggs paid her less than her male counterparts. Moseley asserts in the Charge that Patton Boggs improperly denied her the position of equity partner and a share of the Patton Boggs's profits. Patton Boggs also cites to evidence of settlement negotiations between Moseley and Patton Boggs and statements by Moseley's counsel in written communication accompanying settlement negotiations that a settlement offer by Patton Boggs was "woefully inadequate," that he was confident in the strength of "Moseley's case," and that numerous former partners would testify against Patton Boggs. In further support of its contention, Patton Boggs also relies on Moseley's petition to take depositions under rule 202. In her petition, Moseley references the "acts and omissions" about which she seeks to inquire. While Moseley states in her petition that she seeks to

investigate potential breach of contract, sex discrimination or tort claims she may have against Patton Boggs, she also states that she seeks discovery under rule 202 to assess "whether [her] claims should be pursued." Further, Patton Boggs references statements by the trial court during the hearing on Patton Boggs's motion to compel arbitration suggesting the trial court believed Moseley's Charge was "a statement of a claim":

> I'm just trying to determine—trying to put it all in perspective, including the fact that we have a charge of discrimination, which I agree is a statement of a claim.... Well, I think there's little question, from what I have in the Charge of Discrimination and from the Verified Petition that I understand that the issues, if asserted by her, may arise out of her Partnership Agreement.

Patton Boggs's argument that Moseley has asserted a claim or claims invoking the arbitration provision of the partnership agreement relates to the question of whether, based on the record of this case, the trial court *could* properly make the required finding under rule 202.4(a)(2) that the likely benefit of allowing the requested presuit discovery to investigate a potential claim outweighs the burden or expense of the procedure. However, the question of whether the trial court *could* properly make the required finding under rule 202.4(a)(2) is not before this Court because no finding under rule 202.4(a)(2) was made by the trial court.

Patton Boggs also contends the trial court erred by not making the required finding under rule 202.4(a)(2) that the likely benefit of allowing the requested discovery to investigate a potential claim outweighs the burden or expense of the procedure. Although Moseley did not respond to this argument by Patton Boggs, Moseley referenced the required finding by the trial court under rule 202.4(a)(2) in her petition to take depositions under rule 202; Moseley requested the trial court to issue an order "setting forth the likely benefit of allowing [Moseley] to take the requested depositions to investigate [her] potential claims outweighs the burden or expense of the procedure...."

██ We agree with this contention by Patton Boggs. If a petitioner requests a deposition to investigate a potential claim under rule 202.1(b), the trial court must find that the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. *See* Tex.R. Civ. P. 202.4(a)(2); *see In re Jorden*, 249 S.W.3d 416, 423 (Tex.2008) ("Rule 202 depositions are not now and never have been intended for routine use. There are practical as well as due process problems with demanding discovery from someone before telling them what the issues are. Accordingly, presuit depositions are available under Rule 202 only if a trial court makes one of the two findings [under rule 202.4(a) ] ...."); *see also In re Does 1 and 2*, 337 S.W.3d 862, 865 (Tex.2011) (trial court must expressly make the required findings under rule 202.4; rule 202.4 does not permit the findings to be implied from support in the record); *In re Denton*, No. 10–08–00255–CV, 2009 WL 471524, at *2 (Tex.App.-Waco Feb. 25, 2009, orig. proceeding) (mem. op.) (if petitioner requests a deposition to investigate a potential claim under rule 202.1(b), trial court must find the likely benefit of allowing petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure).[5]

---

**5.** *See also In re Southwest Sec., Inc.,* No 05– 99–01836–CV, 2000 WL 770117, at *1–2 (Tex.

The trial court's August 15, 2011 order granting Moseley's request to take depositions under rule 202 contains no finding that the likely benefit of allowing Moseley to take the requested depositions to investigate a potential claim outweighs the burden or expense of the procedure.[6] *See* Tex.R. Civ. P. 202.4(a)(2). The trial court had no discretion to order depositions under rule 202 without the required finding under rule 202.4(a)(2). *In re Denton*, 2009 WL 471524, at *3 (trial court abused its discretion in ordering deposition under rule 202.1 when it did not make the required finding of rule 202.4(a) in its order). Additionally, relator Patton Boggs has no adequate remedy by appeal for the trial court's granting the rule 202 depositions. *See In re Wolfe*, 341 S.W.3d 932, 933 (Tex.2011) (per curiam) (improper order under rule 202 may be set aside by mandamus) (citing *In re Jorden*, 249 S.W.3d at 420); *In re Hewlett Packard*, 212 S.W.3d at 360 (relators had no adequate remedy on appeal because their only opportunity to appeal the trial court's order would occur after the depositions had occurred; furthermore, order pursuant to rule 202 allowing pre-suit discovery incident to a contemplated lawsuit against the party from whom the discovery is sought is not a final, appealable order; therefore, mandamus is proper); *In re Emergency Consultants, Inc.*, 292 S.W.3d 78, 80 (Tex. App.-Houston [14th Dist.] 2007, orig. proceeding) (a writ of mandamus may lie to challenge a trial court's order for pre-suit depositions).

Accordingly, we conditionally grant the petition for writ of mandamus. We order the trial court to vacate the portions of its August 15, 2011 order that grant Moseley's rule 202 request to take depositions and that grant in part Moseley's request for production of documents. A writ will issue only in the event the trial court fails to vacate the portions of its August 15, 2011 order that grant Moseley's rule 202 request to take depositions and that grant in part Moseley's request for production of documents in conjunction with those depositions.

### Order Denying Motion to Compel Arbitration

Appellant Patton Boggs filed this interlocutory appeal challenging the trial court's denial of its motion to compel arbitration. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.016 (West Supp.2011) (appeal or writ of error to the court of appeals from the judgment or interlocutory order of a district court in a matter subject to Federal Arbitration Act); Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1) (West 2011) (party may appeal an order denying an application to compel arbitration under section 171.021); *see* Tex. Civ. Prac. & Rem. Code Ann. § 171.021(a) (West 2011) (court shall order parties to arbitration on application of a party showing an agreement to arbitrate and the opposing party's refusal

---

App.-Dallas June 14, 2000, orig. proceeding) (not designated for publication) (rule 202 sets forth the requirements for pleadings and findings by the trial court, and the trial court must find that allowing the petitioner to take the deposition may prevent a failure or delay of justice in an anticipated suit or the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure).

**6.** The trial court's prior July 7, 2011 order granting Moseley's request to take depositions under rule 202 did not contain the finding that the likely benefit of allowing Moseley to take the requested depositions to investigate a potential claim outweighs the burden or expense of the procedure.

**572**

to arbitrate).[7] In its sole issue on appeal, Patton Boggs contends the trial court erred by denying Patton Boggs's motion to compel arbitration and to stay the rule 202 proceedings.

▅▅ Moseley responds that the trial court lacked jurisdiction over Patton Boggs's motion to compel arbitration filed in the rule 202 proceeding. We agree. Because the only proceeding before the trial court was a rule 202 petition, the trial court had no jurisdiction to grant a motion to compel arbitration absent an agreement between the parties that the motion should be granted. *See In re Southwest Sec., Inc.*, No. 05–99–01836–CV, 2000 WL 770117, at *2 (Tex.App.-Dallas, June 14, 2000, orig. proceeding.) (not designated for publication).[8]

The trial court lacked jurisdiction to compel arbitration in the rule 202 proceeding. Accordingly, we dismiss this interlocutory appeal for lack of jurisdiction. TEX. R.APP. P. 42.3(a).

### Conclusion

We conditionally grant the petition for writ of mandamus and order the trial court to vacate the portions of its August 15,

2011 order that grant Moseley's rule 202 request to take depositions and that grant in part Moseley's request for production of documents. A writ will issue only in the event the trial court fails to vacate the portions of its August 15, 2011 order that grant Moseley's rule 202 request to take depositions and that grant in part Moseley's request for production of documents in conjunction with those depositions.

We dismiss this interlocutory appeal for lack of jurisdiction.

▅▅▅▅▅▅▅

---

7. The arbitration provision of the partnership agreement between Moseley and Patton Boggs does not expressly invoke either the Federal Arbitration Act, 9 U.S.C.A. §§ 1–16 (West 2009), or the Texas General Arbitration Act, TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.001–.098 (West 2011).

8. "A Rule 202 proceeding to conduct pre-suit discovery from a party against whom a claim is contemplated is ancillary to the contemplated claim; it is 'in aid of' and incident to the anticipated claim." *In re Clapp*, 241 S.W.3d 913, 917 (Tex.App.-Dallas 2007, orig. proceeding); *see also IFS Sec. Grp., Inc. v. Am. Equity Ins. Co.*, 175 S.W.3d 560, 563 (Tex.App.-Dallas 2005, no pet.) (order pursuant to rule 202 allowing pre-suit discovery incident and ancillary to a contemplated lawsuit against the party from whom the discov-

ery is sought is not a final, appealable order); *see also In re Salonquest, LLC*, No. 07–11–00022–CV, 2011 WL 721844, at *1(Tex.App.-Amarillo Mar. 2, 2011, no pet.) (mem. op.) (appellate court has jurisdiction over an interlocutory appeal only when expressly provided by statute; no statute authorizes an interlocutory appeal from an order under rule 202 authorizing a deposition to perpetuate the testimony of a person against whom a suit is pending or contemplated); *In re Jorden*, 249 S.W.3d at 419 (pre-suit deposition orders are appealable only if sought from someone against whom suit is *not* anticipated; when sought from an anticipated defendant, such orders have been considered ancillary to the subsequent suit, and thus neither final nor appealable) (emphasis in original).