**Grant Writ and Opinion Filed July 26, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-13-00477-CV**
_____

**IN RE MICHELLE DETMER CAMPO AND ROSANNA CANTU, Relators**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-08938**

## MEMORANDUM OPINION

Before Justices FitzGerald, Lang, and Myers
Opinion by Justice FitzGerald

Relators filed this petition for writ of mandamus claiming the trial court erred in ordering them to submit to depositions under TEX. R. CIV. P. 202. We conclude the trial court abused its discretion in ordering the depositions and that relators have no adequate remedy by appeal. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). We therefore conditionally grant the writ of mandamus.

Relators are former employees of real party in interest Davaco, Inc., who allegedly left that employment to work for a competing company known as MLE. Davaco, believing that relators may have breached certain covenants contained in their employment agreements, filed a petition under Rule 202 of the Texas Rules of Civil Procedure on August 10, 2012, seeking the

depositions of relators and three other similarly situated individuals.[1]  The trial court granted the petition over relators' objections, and relators then filed this petition for writ of mandamus.

Rule 202 provides, "A person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either: (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim or suit."  TEX. R. CIV. P. 202.1.  The petition must be verified.  TEX. R. CIV. P. 202.2.  The trial court "must order a deposition to be taken if, but only if, it finds that: (1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit: or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure."  TEX. R. CIV. P. 202.4(a).  However, "Rule 202 depositions are not now and never have been intended for routine use."  *In re Jorden*, 249 S.W.3d 416, 423 (Tex. 2008) (orig. proceeding).  Therefore, "[c]ourts must strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule."  *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011).

In this case, the trial court allowed the depositions to go forward on a finding that the likely benefit of the deposition outweighed the burden or expense of the procedure.  However, no evidence was presented to the trial court at the hearing on the motion and Davaco did not formally offer or admit its verified pleading at the hearing.  It was an abuse of discretion for the trial court to find that the likely benefit outweighed the burden of the deposition when Davaco failed to provide any evidence on which the court could have made such finding.  *See In re Contractor's Supplies, Inc.*, No. 12-09-00231-CV, 2009 WL 2488374 (Tex. App.—Tyler Aug. 17, 2009, orig. proceeding).

---

[1] The other three individuals also filed a petition for writ of mandamus, *In re Patrick Doak, et al.,* No. 05-13-00538-CV.

We further find that relators have no adequate remedy by appeal. Davaco argues that relators could have appealed the trial court's order, citing *Thomas v. Fitzgerald*, 166 S.w.3d 746, 747 (Tex. App.—Waco 2005, no pet.). In *Thomas*, a person seeking a deposition to perpetuate testimony under TEX. R. CIV. P. 202.1(a) tried to appeal the trial court's denial of that petition. *Id.* at 747. The court of appeals held that the order would be appealable "if the petition seeks discovery from a third party against whom a suit is not contemplated," but it was not appealable "if discovery is sought from a person against whom there is a suit pending or against whom a suit is specifically contemplated." *Id.* (internal quotation omitted). In its petition below, Davaco stated that it needed to depose relators to investigate claims and determine whether litigation should be initiated. Davaco did not claim below, and does not argue in its response to relators' petition, that it is not contemplating filing suit against relators or that it is investigating a claim or suit against some other parties. In any case, this Court has previously concluded that mandamus is a proper remedy when a deposition is erroneously ordered under Rule 202.1. *See, e.g., Patton Boggs LLP v. Moseley*, 394 S.W.3d 565, 570 (Tex. App.—Dallas 2011, no pet.).

Accordingly, we conditionally grant relators' petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate the associate judge's November 13, 2012 order granting Davaco, Inc.'s Rule 202 petition and to render an order denying that petition.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

130477F.P05

–3