**Conditionally GRANT; and Opinion Filed March 28, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00307-CV

### IN RE JOSE P. NORIEGA, Relator

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-14164**

## MEMORANDUM OPINION
Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice Lewis

Relators filed this mandamus proceeding after the trial court ordered relator to submit to a pre-suit deposition pursuant to Rule 202 of the Texas Rules of Civil Procedure. We conclude the trial court abused its discretion and relator has no adequate remedy by appeal. We therefore conditionally grant the writ of mandamus.

### I. FACTUAL AND PROCEDURAL CONTEXT

On November 27, 2013, real party in interest filed a petition under Rule 202 of the Texas Rules of Civil Procedure, supported by an affidavit of his counsel, seeking the pre-suit deposition of relator to investigate a potential claim against relator arising from an alleged assault in August 2010. Real party also sought the production of documents from relator in conjunction with the deposition. Relator responded to the Rule 202 petition, moved to strike the affidavit supporting the petition, and, alternatively, moved to limit the deposition. The trial court conducted a hearing on the petition for pre-suit deposition. The reporter's record of the hearing does not

reflect that the parties called any witnesses or offered any evidence. Real party also did not introduce his verified petition as evidence. Upon conclusion of the argument of counsel, the trial court concluded that real party had not met its burden under Rule 202, but nonetheless stated in its written order that the likely benefit of allowing real party to take the requested deposition to investigate a potential claim outweighed the burden or expense of the procedure and granted real party a two–hour deposition. The trial court did not rule on the motion to strike the affidavit supporting the petition.

## II. STANDARD FOR MANDAMUS RELIEF

To obtain mandamus relief, relator must show both that the trial court has abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court has "no 'discretion' in determining what the law is or applying the law to facts." *In re Prudential*, 148 S.W.3d at 135 (quoting *Walker*, 827 S.W.2d at 840). In cases in which the trial court abuses its discretion in improperly granting a pre-suit deposition, the order is reviewable by mandamus because the relator has no adequate remedy by appeal. *Patton Boggs LLP v. Moseley*, 394 S.W.3d 565, 571 (Tex. App.—Dallas, 2011, no pet.).

## III. REQUIREMENTS OF RULE 202

A trial court's order permitting discovery under Rule 202 is reviewed under an abuse of discretion standard. *Patton Boggs*, 394 S.W.3d at 568–69. Rule 202 depositions are not intended for routine use. *In re Jorden*, 249 S.W.3d 416, 423 (Tex. 2008) (orig. proceeding). "Courts must strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding).

Rule 202.1 provides two possible bases for authorizing pre-suit discovery. Rule 202.1(a) provides for depositions to perpetuate testimony for use in an anticipated suit, while Rule

202.1(b) provides for depositions to investigate a potential claim or suit. TEX. R. CIV. P. 202.1. Rule 202.4 addresses the findings a trial court must make in allowing pre-suit depositions. Rule 202.4 provides:

> (a) Required Findings. The court must order a deposition to be taken if, but only if, it finds that:
>
> (1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; or
>
> (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure.

TEX. R. CIV. P. 202.4(a).

Ultimately, the decision a petitioner makes as to which reason he requests a Rule 202 deposition affects the finding the trial court is required to make to support an order allowing a Rule 202 deposition. If the petitioner requests a deposition to obtain testimony for use in an anticipated suit, the trial court must find that allowing the petitioner to take the requested deposition may prevent a failure or delay of justice. *In re Denton*, No. 10-08-00255-CV, 2009 WL 471524, at *2 (Tex. App.—Waco Feb. 25, 2009, orig. proceeding) (mem. op.). If the petitioner requests a deposition to investigate a potential claim, however, the trial court must find that the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. *Id.; Patton Boggs*, 394 S.W.3d at 570. The trial court must expressly make the findings required under Rule 202.4; Rule 202.4 does not permit the required findings to be implied from the record. *See In re Does 1 and 2,* 337 S.W.3d 862, 865 (Tex. 2011). A trial court abuses its discretion in ordering a pre-suit deposition under Rule 202 if it fails to make the required findings. *Patton Boggs,* 394 S.W.3d at 571.

Here, real party sought the deposition of relator under Rule 202.1(b) to investigate a potential claim or suit. Without hearing evidence or admitting the verified Rule 202 petition as

evidence, the trial court in this case found that the likely benefit of allowing petitioner to take the requested deposition to investigate a potential claim outweighed the burden or expense of the procedure. The record before the trial court at the hearing consisted only of the pleadings of the parties and the argument of counsel. Even sworn or verified pleadings are not generally considered competent evidence to prove the facts alleged in the pleadings. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995). Thus, even if real party had been able to overcome relator's objection to the verification on the petition that it was not based on personal knowledge of real party's counsel, the verified petition would not have been admissible evidence in support of the Rule 202 petition. Similarly, argument of counsel is not evidence and cannot supply the factual basis for granting a Rule 202 petition. *In re Rockafellow*, No. 07-11-00066-CV, 2011 WL 2848638, at *4 (Tex. App.—Amarillo July 19, 2011, orig. proceeding) (mem. op.); *Love v. Moreland*, 280 S.W.3d 334, 336 n. 3 (Tex. App.—Amarillo 2008, no pet.).

It is an abuse of discretion for a trial court to find that the likely benefit of a Rule 202 deposition outweighs the burden of the deposition when the party seeking the deposition fails to provide any evidence on which the court could have based such a finding. *In re Campo*, No. 05-13-00477-CV, 2013 WL 3929251, at *1 (Tex. App.—Dallas July 26, 2013, orig. proceeding) (mem. op.) (mandamus conditionally granted where no evidence was presented to the trial court at the hearing on the motion and party seeking Rule 202 deposition did not formally offer or admit its verified pleading at the hearing). The trial court did just this and in so doing abused its discretion.

## IV. CONCLUSION

For the reasons set forth above, we **CONDITIONALLY GRANT** the relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its February 7, 2014 Order on Petition to Investigate Potential Claim or Suit.

/David Lewis/
DAVID LEWIS
JUSTICE

140307F.P05