

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00005-CV

IN RE AMARILLO II ENTERPRISES, LLC
D/B/A AMARILLO CENTER FOR SKILLED CARE,
CREATIVE SOLUTIONS IN HEALTHCARE, INC.,
PAULA FLORES, AND TODD GUDGELL, RELATORS

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

February 3, 2017

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Relators, Amarillo II Enterprises, LLC d/b/a Amarillo Center for Skilled Care (ACSC), Creative Solutions in Healthcare, Inc., Paula Flores, and Todd Gudgell (collectively referred to as Amarillo) petition this court for a writ of mandamus directing the Honorable Judge John B. Board to withdraw his December 20, 2016 Order 1) granting the Second Amended Verified Petition to Investigate a Potential Claim or Suit ("petition") filed by Thomas Sames, M.D., and 2) denying its motion to stay pending arbitration. We conditionally grant the petition.

*Background*

Via the petition, Sames requested permission to conduct discovery of potential claims under Texas Rule of Civil Procedure 202.1. Included in those from whom he sought discovery was Amarillo. The potential claims related to gender discrimination, defamation, breach of contract, and tortious interference with contract. They apparently arose from or pertain to 1) the termination of a contract between Plum Creek Healthcare and NWTX AMG Physician Network, PLLC under which Sames was assigned to Plum Creek, 2) the termination of his contract with Amarillo II Enterprises, LLC, and 3) purportedly false allegations of sexual improprieties involving and or instigated by Paula Flores (a nurse with ACSC) and others.

Amarillo responded by moving the trial court to stay acting upon Sames' request. It believed itself entitled to that relief because of an arbitration provision in the contract it executed with him. Under that contract, Sames agreed to act as Amarillo's medical director. Furthermore, it contained a provision stating that "[a]ny dispute or controversy arising under, out of or in connection with, or in relation to this Agreement, or any amendment hereof, or the breach hereof shall be determined and settled by arbitration in accordance with the rules of the American Arbitration Association and applying the laws of the State of Texas."

Both the petition and motion to stay came for hearing. The motion to stay was heard first since its disposition may have rendered moot the need to address the Rule 202.1 pleading. Amarillo and Sames presented argument through their respective legal counsel. The trial court did not rule on whether to grant the stay. Instead, it heard the petition and took both matters under advisement pending review of applicable authority. Thereafter, it granted the petition and denied the stay. The reason given for denying the

2

stay appeared in its written order. It did not pertain to any substantive analysis of the motion. Rather, it said:

> Because the only proceeding before the Court is a rule 202 petition, the Court lacks jurisdiction to grant the Motion to Stay and compel arbitration. *See Patton Boggs LLP v. Moseley*, 394 S.W.3d 565, 572 (Tex. App. 2011) (citing *In re Southwest Sec., Inc.*, No. 05-99-01836-CV, 2000 WL 770117, at *2 (Tex.App.-Dallas, June 14, 2000, orig. proceeding.) (not designated for publication).[1]

Amarillo followed that order with the petition for writ of mandamus now before us.

*Authority*

Mandamus is an extraordinary remedy granted only when a relator shows that the trial court clearly abused its discretion and that no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *In re Lloyd*, No. 07-16-00340-CV, 2016 Tex. App. LEXIS 10489, at *3 (Tex. App.—Amarillo September 26, 2016, orig. proceeding) (mem. op.). A relator bears the burden of proving these two requirements. *In re Lloyd,* 2016 Tex. App. LEXIS 10489, at *3. So too must the relator show that 1) the trial court had a legal duty to perform, 2) performance was demanded of the court, and 3) it refused. *Id.*

Next, our Supreme Court has said that "[a]n improper order under Rule 202 may be set aside by mandamus." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011). In so stating, the court also observed that pre-suit discovery under Rule 202 is not an end to itself. *Id.* Rather, it exists in aid of an anticipated suit and is ancillary to it. *Id.* It then added that Rule 202 restricts discovery in depositions to "'the same as if the anticipated suit or potential claim had been filed.'" *Id.* (quoting TEX. R. CIV. P. 202.5). This is so to

---

[1] Despite the statement in the trial court's ruling about compelling arbitration, that particular relief was not sought via the motion to stay filed by Amarillo. So, it is not before us.

prevent "an end-run around discovery limitations that would govern the anticipated suit." *Id.* Thus, "a party 'cannot obtain by Rule 202 what it would be denied in the anticipated action.'" *In re Depinho*, 59 Tex. Sup. J. 917, 2016 Tex. LEXIS 385, at *5 (May 20, 2016) (per curiam) (quoting *In re Wolfe*, 341 S.W.3d at 933).

The latter statement was of particular importance in *Depinho*, since the Supreme Court was there dealing with whether Rule 202 discovery could occur if the trial court lacked jurisdiction over the potential or anticipated suit. To permit it in such a situation "would untether pre-suit discovery from the suit it purports to be in aid of[,]" said the court. *Id.* at *6; *see In re City of Dallas*, 501 S.W.3d 71, 74 n.2 (Tex. 2016) (stating the same). Furthermore, it granted Depinho's petition for writ of mandamus to avoid an order permitting Rule 202 discovery and did so because the anticipated suit would have had to be dismissed for want of jurisdiction due to its lack of ripeness. *In re Depinho,* 2016 Tex. LEXIS 385, at *10-11. In closing, the court reiterated that the respondent (Bornmann) "'cannot obtain by Rule 202 what [he] would be denied in the anticipated action.'" *Id.* (quoting *In re Wolfe, supra*)*.*

*Application of Authority*

No one can legitimately deny that Texas law favors the resolution of disputes through arbitration. *G.T. Leach Builders, L.L.C. v. Sapphire V.P., L.P.*, 458 S.W.3d 502, 508 (Tex. 2015) (so stating). Indeed, if the parties agreed to that means of resolution, then "courts must honor the agreement by referring the disputes to arbitration," unless the right was waived in some manner. *Id.* This directive is quite telling here when coupled with what the Supreme Court said in *Wolfe* and *Depinho*.

Again, both *Wolfe* and *Depinho* tell us that one cannot get through Rule 202 that which would be denied him in the anticipated action. Nor can Rule 202 be used to

4

obtain discovery pertaining to a potential claim over which the trial court would lack jurisdiction, according to *Depinho*. Following the reasoning of and policy underlying these opinions, it would be logical to infer that if the trial court is barred from adjudicating the anticipated suit, it cannot permit pre-suit discovery on claims underlying that suit. And, this leads us to the conclusion we reach today. If the trial court is precluded from trying the anticipated suit due to the existence of an enforceable arbitration provision (a proposition supported by *G.T. Leach*), it may not permit pre-suit discovery on the claims to be raised in that suit and encompassed within the arbitration clause.

Moreover, this very court has recognized that the rules of the American Arbitration Association (the body to which any arbitral claim must be referred) do not necessarily authorize the same discovery permitted by the Texas Rules of Civil Procedure. *See Zars v. Brownlow*, No. 07-07-00303-CV, 2013 Tex. App. LEXIS 7990, at *16-17 (Tex. App.—Amarillo June 28, 2013, no pet.) (mem. op.) (stating that "[d]iscovery such as authorized by our rules of civil procedure is not available under the rules of the American Arbitration Association, the dispute resolution service to which the parties expressly agreed to submit their disputes"). So, it may also be true that Sames seeks discovery that could be unavailable to him in arbitration, and attempts the proverbial end-run thought improper by our Supreme Court in *Wolfe* and *Depinho*.

Irrespective of which reason is applicable (that is, the trial court cannot litigate the anticipated suit or the discovery cannot be obtained in the anticipated suit), the effect of the arbitration clause at bar had to be addressed by the trial court in deciding whether to stay action on the Rule 202 proceeding. Indeed, the matter effectively lies at the heart of whether Rule 202 discovery may be permitted. And, to the extent that the district

5

court had jurisdiction to consider the Rule 202 request, we see nothing that would deprive it of the authority to assess whether an arbitration clause mandates the stay of a Rule 202 action pending arbitration.

It may well be the appellate court in *Patton Boggs LLP v. Moseley*, 394 S.W.3d 565 (Tex. App.—Dallas 2011, no pet.), held that a trial court lacked jurisdiction to grant a motion to compel arbitration via a Rule 202 proceeding. *Id.* at 572.[2] Yet, the authority it cited as support for the proposition, *i.e.*, *In re S.W. Sec., Inc.*, No. 05-99-01836-CV, 2000 Tex. App. LEXIS 3898, 2000 WL 770117, at *2 (Tex. App.—Dallas, June 14, 2000, orig. proceeding), did not so hold. Rather, it said that "we agree with the trial court that it had no jurisdiction to grant the motion to compel arbitration *absent an agreement between the parties*." *Id.* at *5-6 (emphasis added). It then found that the parties had actually agreed to submit the dispute to arbitration and, therefore "waived their judicial remedies." *Id.* And, that led it to hold that the "trial court erred in not staying all proceedings until after the parties participated in the agreed to binding arbitration." *Id.*

We find one other deficiency in *Patton*. It said nothing of the Supreme Court's decision and reasoning in *In re Wolfe*, despite *Wolfe* having been issued six months before *Patton*. The intermediate appellate court did not address how discovery under Rule 202 could occur if that same discovery was unavailable due to the presence of an arbitration provision. This omission may be because that specific argument was not made by the parties. Yet, because of the omission and the actual holding in *Southwest Security*, we find *Patton* unpersuasive authority on the issues before us, and those

---

[2] Even though the issue of whether a stay should have been granted was also raised, that matter was not expressly addressed.

issues are whether a Rule 202 proceeding should be stayed pending arbitration and whether a trial court has jurisdiction to determine whether an arbitration clause mandates the stay of a Rule 202 proceeding.

Because the trial court concluded that it lacked jurisdiction to stay consideration of the Rule 202.1 petition, it erred. So too did it err in concluding that it lacked jurisdiction to compel arbitration, since that matter was not ripe for consideration.[3] Thus, we conditionally grant the petition for writ of mandamus. The trial court is ordered to 1) vacate its December 20, 2016 order (and all subsequent orders) granting Sames discovery under Texas Rule of Civil Procedure 202.1 *et seq*, and 2) determine whether the parties executed an enforceable arbitration clause encompassing the issues to be asserted in the anticipated suit of Sames as explained in his live Rule 202 pleading. *See G.T. Leach Builders, L.L.C.,* 458 S.W.3d at 519 (stating that the court's role is first to decide whether the parties made a valid and presently enforceable agreement to arbitrate and, if so, whether the disputes fall within its scope).[4] The trial court is directed to file with the clerk of this court a certified copy of its order complying with this opinion within 30 days of this opinion. Should the trial court fail to do so, the writ will issue. Should the trial court need additional time to comply, such must be requested within 30 days of this opinion.

Brian Quinn
Chief Justice

---

[3] Again, Amarillo did not ask the trial court to order the parties to arbitrate.

[4] We direct the trial court to undertake this task in the first instance. It has not determined the substantive matter of whether the arbitration clause at bar requires the Rule 202 proceeding to be stayed pending arbitration; it simply held that it lacked jurisdiction to make that determination. Consequently, we cannot say whether or not the trial court abused its discretion in denying a stay.