

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-24-00062-CV

---

IN RE DANIEL A. HUNT

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

On July 10, 2024, the trial court (Respondent) entered an order granting Ironhorse Unlimited, Inc.'s, and Phillip Surls's (Real Parties in Interest or RPI) verified petition to take Daniel A. Hunt's (Relator's) presuit oral deposition pursuant to Rule 202 of the Texas Rules of Civil Procedure (Rule 202 order). *See* TEX. R. CIV. P. 202. On August 15, 2024, Relator filed a motion to vacate Respondent's Rule 202 order. There was no hearing on Relator's motion to vacate, and Respondent never issued a ruling on the motion. On that same day, however, Relator filed a petition for a writ of mandamus asking this Court[1] to vacate Respondent's Rule 202 order because (1) Respondent failed to make the required finding under Rule 202 that the likely benefit of allowing RPI to take Relator's deposition to investigate a potential claim outweighed the burden or expense of the procedure, and (2) RPI failed to present evidence upon which Respondent could have made that finding.[2]

On August 30, 2024, RPI filed their response to Relator's petition for a writ of mandamus arguing that it should be denied because (1) Relator failed to show that he made a predicate request to Respondent to correct the alleged deficiencies in the Rule 202 order and that Respondent erroneously refused to act, and (2) Relator failed to show that Respondent acted

---

[1] Originally filed in the Twelfth Court of Appeals, this original proceeding was transferred to this Court by the Texas Supreme Court after all three justices of the Twelfth Court of appeals recused. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2] On August 16, 2024, Relator filed a motion for emergency temporary relief asking this Court to stay his Rule 202 deposition pending our decision on this petition. The Court granted Relator's requested relief and asked RPI to file a response to Relator's petition on or before August 30, 2024.

arbitrarily or without reference to guiding rules or principles in granting the Rule 202 order because the record contained sufficient evidence to support the order.

Because we find that Respondent failed to make the required findings in its Rule 202 order granting the petition of the RPI to take Relator's deposition, we conditionally grant Relator's petition for a writ of mandamus and direct the trial court to vacate its order.

## I.      Standard of Review and Applicable Law

Mandamus will issue "only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994) (per curiam) (orig. proceeding)).  A trial court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to any guiding principles.  *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  The party seeking mandamus relief has the burden to provide the court with a sufficient record to support its requested relief.  *Id.* at 837.

Rule 202.1 states:

A person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either:

(a)      to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or

(b)      to investigate a potential claim or suit.

TEX. R. CIV. P. 202.1.  Furthermore,

the [trial] court must order a deposition to be taken if, *but only if*, it finds that:

> (1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; or
>
> (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure.

TEX. R. CIV. P. 202.4(a) (emphasis added).

"An order allowing a presuit deposition pursuant to Rule 202 is not a final, appealable order." *In re Cauley*, 437 S.W.3d 650, 655 (Tex. App.—Tyler 2014, orig. proceeding) (citing *In re Hewlett Packard*, 212 S.W.3d 356, 360 (Tex. App.—Austin 2006, orig. proceeding [mand. denied]). As a result, "there is no adequate remedy by appeal, and mandamus is the proper avenue to challenge the trial court's order granting" the request of RPI to take Relator's Rule 202 deposition. *Id.* at 655.

## II. Discussion

Relator maintains that this Court should vacate Respondent's Rule 202 order because it failed to include the required finding that the benefit of allowing RPI to take his deposition "outweigh[ed] the burden or expense" of doing so. TEX. R. CIV. P. 202.4(a)(2). In their response to Relator's petition, Real Parties in Interest maintain that it was Relator's duty to inform Respondent that it failed to include the required findings in its Rule 202 order allowing the presuit deposition to go forward. According to RPI, Relator's failure to do so prevents this Court from addressing the complaints in Relator's petition. In addition, Real Parties in Interest maintain that, because Relator "never sought a hearing [in the lower court] on [his] Motion to

4

Vacate and never received a ruling [by the lower court] on [his] Motion to Vacate," Relator "waived any right to complain [in his mandamus petition] of respondent's failure to act."

In support of their contention, the Real Parties in Interest direct us to *In re Perritt*, stating that the Texas Supreme Court's 1999 holding required that, in most instances, an objection should be made at the trial level and the objection ruled upon by the trial court before a party files a mandamus petition. *In re Perritt*, 992 S.W.2d 444 (Tex. 1999) (per curiam) (orig. proceeding). But, the court continued, this doctrine leaves room for exceptions, and the Texas Supreme Court has recognized one, explaining that, on "rare occasions," the predicate requirement may be relaxed "when the circumstances confirmed that 'the request would have been futile and the refusal little more than a formality.'" *Id.* at 446 (quoting *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (plurality op.) (orig. proceeding)).

In *In re Perritt*, individuals who had eaten at a Golden Corral restaurant (real parties in interest), sued the Perritts, as franchisees, along with Golden Coral Corporation (Golden Corral) and Golden Corral Franchising Systems, Inc. *Id.* at 445. Golden Corral objected to the judge who had been assigned to hear the Perritts' motion to recuse the trial judge, and the assigned judge overruled Golden Corral's objection. *Id.* Based on Golden Corral's objection, the Perritts sought mandamus relief from the court of appeals. The court of appeals denied the Perritts' petition, and the Perritts then sought mandamus relief from the Texas Supreme Court. *Id.* at 446. Golden Corral moved to join as relators. *Id.* The court noted that the record showed that the Perritts neither joined Golden Corral's objection in the trial court nor did it independently lodge an objection to the assigned judge. *Id.*

5

The real parties in interest maintained that the Perritts' failure to independently object defeated their right to mandamus relief. *Id.* The Texas Supreme Court explained that, as a general rule, the right to mandamus relief does require a predicate request by the applicant for relief and a refusal to that request. *Id.* On "rare occasions," however, the court relaxes the requirement, one occasion being a situation in which "the request would have been futile and the refusal little more than a formality." *Id.* (quoting *Terrazas*, 829 S.W.2d at 723). The court pointed out that Golden Corral's objection advised the trial court of the grounds for the objections and noted that the Perritts' objections would have been the same as Golden Corral's objection. The court concluded that the Perritts need not have joined in Golden Corral's objection, again with the notation that those were "unusual circumstances." *Id.*

The facts in *In re Patton Boggs LLP v. Moseley* are more aligned with the facts of the pending case. *In re Patton Boggs LLP v. Moseley*, 394 S.W.3d 565 (Tex. App.—Dallas 2011, orig. proceeding). In *In re Patton Boggs*, Kate Moseley, who was a partner in the law firm of Patton Boggs, withdrew from the partnership on May 1, 2010, and filed a charge of discrimination against Patton Boggs with the Equal Employment Opportunity Commission (EEOC). *Id.* at 566. Moseley alleged that Patton Boggs discriminated against her based on gender and because she had been paid less than her male counterparts. After filing her EEOC claim, Moseley filed a Rule 202 petition asking the trial court to allow her to take presuit depositions of some of the Patton Boggs lawyers and its corporate representative. *Id.* at 566–67. Moseley maintained that taking their depositions would assist in her investigation of Patton

Boggs for the purpose of filing, among other things, a potential breach of contract claim, a sexual discrimination claim, and a tort claim against the partnership. *Id.* at 567.

Patton Boggs objected to Moseley's Rule 202 petition, maintaining that her petition sought to "thwart the exclusive jurisdiction" of Moseley's EEOC claim, which she had already filed. *Id.* The law firm also argued that "Moseley's asserted need 'to investigate a claim or suit' [wa]s pretext for strategic considerations which are the true reasons for seeking pre-suit depositions." *Id.* In addition, Patton Boggs filed a motion in the trial court to compel arbitration and stay the Rule 202 depositions, arguing that Patton Boggs's partnership agreement required arbitration of any disputes between Moseley and Patton Boggs. *Id.* at 567–68. On August 15, 2011, the trial court signed an order granting Moseley's petition authorizing her to take the depositions of two Patton Boggs lawyers and its corporate representative. It denied Patton Boggs's motion to compel arbitration.[3] *Id.* at 568.

Patton Boggs filed a petition for a writ of mandamus in the appellate court challenging the trial court's order granting Moseley's Rule 202 petition. *Id.* at 568. In its petition, "Patton Boggs argue[d] [that] 'the trial court did not and could not make the required findings' under [R]ule 202.4(a)(2)." *Id.* The appellate court agreed, in part, stating, "[T]he question of whether the trial court *could* properly make the required finding under [R]ule 202.4(a)(2) is not before this Court because no finding under [R]ule 202.4(a)(2) was made by the trial court." *Id.* at 570.

---

[3]Patton Boggs filed a motion for reconsideration of the trial court's ruling in favor of Moseley, but there is no indication that the motion for reconsideration was ever ruled on by the trial court. *In re Patton Boggs*, 394 S.W.3d at 568 n.4. Similar circumstances exist in this case. Hunt filed a motion to vacate, but the trial court did not rule on that motion.

7

In this case, the Real Parties in Interest filed a Rule 202 petition asking Respondent if they could take Relator's pretrial deposition, and Relator timely objected to their request. Following a hearing on the matter, Respondent issued an order granting the request of the Real Parties in Interest. If Respondent's Rule 202 order was deficient for lack of required findings, it was the obligation of the Real Parties in Interest, not Relator, to bring the issue to Respondent's attention. If we agree with the position of the Real Parties in Interest that it was Relator's duty to object to Respondent's Rule 202 order on that specific basis, then Relator would be effectively doing the work of the RPI for them. We can find no legal authority, and the Real Parties in Interest have not provided any, to support their contention that Relator was required to point out an error in Respondent's Rule 202 order *granting* the request of the RPI and *overruling* Relator's complaint.

On "rare occasions," a court may relax the requirement that a party must bring a specific complaint to the trial court's attention, and the trial court must rule on the issue before an appellate court addresses the issue in a later-filed petition for a writ of mandamus. *In re Perritt*, 992 S.W.2d at 446. We believe this is one of those occasions. Therefore, we find that Relator's contention that Respondent's Rule 202 order failed to include the proper findings and should be vacated is properly before this Court. That said, we next address the merits of Relator's complaint.

At the hearing on their petition to take Relator's presuit deposition, RPI maintained that taking Relator's deposition was necessary "to investigate a potential claim or suit." TEX. R. CIV. P. 202.1(b). Consequently, the Real Parties in Interest were required to show that the benefit of

8

allowing them to take Relator's deposition "outweigh[ed] the burden or expense" of doing so. TEX. R. CIV. P. 202.4(a)(2). As in *In re Patton Boggs*, this Court has no need to address whether the findings in Respondent's Rule 202 order were correct, because Respondent did not include any such findings in its order.

For example, at the end of the hearing on the petition of the Real Parties in Interest, the trial court ruled as follows:

> All righty then. Here's my answer for you. Based on the evidence and the law that I've read and the evidence that I've heard here today, the Rule 202 petition is granted. The scope of the Rule 202 petition, I don't see that you-all have had an opportunity to - - or have taken - - availed yourself of the opportunity to discuss appropriate scope, so I would ask you to do that. If you can do that this morning and get it done in short order, I'll stick around for a few minutes to sign your order.

Likewise, the trial court issued the following written order:

> Before the Court is Petitioners' Verified Petition to Take Deposition Before Suit Pursuant to Tex. R. Civ. P. 202 ("Petition") and for the production of documents in anticipation of a lawsuit.
>
> IT IS THEREFORE ORDERED AND DECREED that Petitioner's Verified Petition to Take Deposition Before Suit Pursuant to Tex. R. Civ. P. 202 is in all things GRANTED.
>
> IT IS ORDERED FURTHER that Petitioners may take the oral deposition of Daniel A. Hunt. It is further ordered that this deposition may also be recorded by video and by instant visual display of the testimony. Danel [sic] A. Hunt ("Hunt") is ordered to produce, at least three days before the deposition, the documents requested in Exhibit "A" attached to this Order.

"An improper order under Rule 202 may be set aside by mandamus." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (per curiam) (orig. proceeding). "[W]e are not permitted to deem the findings implied from support in the record." *In re Cauley*, 437 S.W.3d at 657. Moreover,

9

"[t]he trial court has no discretion to order presuit discovery without the required finding." *Id.* In this case, the trial court's oral order and its written order allowing Relator's presuit deposition to go forward did not contain the required findings. We, therefore, find that Respondent erred when it ordered Respondent's presuit deposition to go forward without making the required finding that the likely benefit of allowing RPI "to take the requested deposition[] to investigate a potential claim outweigh[ed] the burden or expense of the procedure." *In re Patton Boggs*, 394 S.W.3d at 571.

## III. Conclusion

Accordingly, we find that Respondent erred when it granted the motion of the Real Parties in Interest to take Relator's presuit deposition. We conditionally grant Relator's petition for a writ of mandamus and direct Respondent to vacate its order. The writ will issue only if the trial court fails to vacate its order within ten days of the date of this opinion.

Scott E. Stevens
Chief Justice

Date Submitted: October 1, 2024
Date Decided: October 2, 2024

10