CITY OF DALLAS, David O. Brown, In his Official Capacity as Dallas Police Chief, and Eddie Burns, In his Official Capacity as Dallas Fire–Rescue Chief, Appellants,

v.

DALLAS BLACK FIRE FIGHTERS ASSOCIATION, Black Police Association of Greater Dallas, National Latino Peace Officers Association Greater Dallas Chapter, Dallas Fraternal Order of Police Lodge 588, Dallas Police Association, Dallas Hispanic Firefighters Association, and Dallas Fire Fighters Association, Appellees.

No. 05–11–00165–CV.

Court of Appeals of Texas, Dallas.

Oct. 20, 2011.

Barbara E. Rosenberg, City of Dallas Atty's Office, Christopher J. Caso, Jason Daniel McClain, Office of the City Atty's, Dallas, for Appellants.

Haakon T. Donnelly, Bellinger & De-Wolf, LLP, Christopher David Livingston, Lyon, Gorsky, Haring & Gilbert, LLP, Dallas, for Appellees.

Before Justices MOSELEY, LANG, and MYERS.

## OPINION

Opinion By Justice LANG.

In this interlocutory appeal, appellants City of Dallas; David O. Brown, in his official capacity as Dallas police chief; and Eddie Burns, in his official capacity as Dallas fire-rescue chief (collectively, the "City") challenge the trial court's denial of their plea to the jurisdiction respecting a "Rule 202 Petition to Investigate Claim" (the "Petition") filed by appellees, a group of police and firefighter associations (collectively, the "Associations").[1] In five issues, the City contends the trial court

---

1. Specifically, "Associations" as used herein refers collectively to appellees Dallas Black Fire Fighters Association, Black Police Association of Greater Dallas, National Latino Peace Officers Association Greater Dallas Chapter, Dallas Fraternal Order of Police Lodge 588, Dallas Police Association, Dallas Hispanic Firefighters Association, and Dallas Fire Fighters Association.

erred by denying its plea to the jurisdiction because the trial court does not have subject matter jurisdiction for the Petition. Specifically, the City asserts (1) the Associations do not have a valid underlying claim against the City under section 147.007(b) of the Texas Local Government Code, *see* Tex. Loc. Gov't Code Ann. § 147.007(b) (West 2008); (2) rule 202 of the Texas Rules of Civil Procedure is not a waiver of sovereign immunity, *see* Tex.R. Civ. P. 202; (3) the Associations do not have "common-law" or "statutory" standing; and (4) the Associations' complaints are not ripe.

For the reasons below, we reverse the trial court's denial of the City's plea to the jurisdiction and remand this case to the trial court to allow the Associations an opportunity to amend the Petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the Petition, which was filed on January 13, 2011, the Associations sought to depose the Dallas police chief and fire-rescue chief "for the purpose of ascertaining the propriety of filing litigation against the City of Dallas."[2] The Associations stated in the Petition, "While the Petitioners anticipate that a lawsuit may be filed, they desire to conduct the requested depositions as part of the Petitioners' investigation as to which claims are appropriate." Further, the Associations stated, "This request is not made for the purpose of harassment, but simply to allow Petitioners to make a quick determination as to whether meritorious claims exist and the appropriate parties for same."

The Associations alleged in the Petition that on approximately August 11, 2010, the City and the Associations entered into a "Meet & Confer Agreement" (the "Agreement") that "sets forth various agreements as to working conditions, benefits, wages, and other matters affecting the employment relationship between the City and its police officers and firefighters." According to the Associations,

> [T]he [Agreement] sets forth agreements by the City that police officers and firefighters would be allowed overtime hours for the Super Bowl and other grant-funded and reimbursed work. The City also agreed that "Special Events," which are regulated under City Code Chapter 42A, would be required "to use off-duty Dallas Police Officers and Fire–Rescue personnel."

The Associations complained "it now appears that the City has ignored, and intends to continue to ignore, its agreements under the [Agreement]" by utilizing on-duty Dallas police officers and fire-rescue personnel at events that "should be worked by off-duty officers under the terms of the [Agreement] and the City Code." Additionally, the Associations asserted, "if the City has received funds to pay for overtime use of officers from private entities, its failure to appropriately utilize such funds for their intended purpose must be investigated to determine if City police and firefighters, the intended beneficiaries, have viable claims for these funds." The Associations contended the acts set forth in the Petition "may be in violation of the [Agreement] and the City's obligations under [the Texas Local Government Code]."

With respect to the testimony they expected to elicit, the Associations stated that each of two persons they sought to depose "is responsible for directing his

---

**2.** Additionally, the Associations requested that the chiefs "be required to bring with them all documents ... in their possession, custody and/or control" pertaining to services provided by Dallas police officers and fire-rescue personnel for certain "Special Events."

command staff to engage in activity contrary to normal City procedures in the context of off-duty jobs, and possibly in violation of the City's agreements in the [Agreement] and State law, which will affect the City personnel represented under the [Agreement] by the Petitioners." The Associations contended the requested depositions were "needed to ascertain the nature and extent of Petitioners' possible claims."

Finally, the Associations stated in the Petition (1) "Petitioners as the formally recognized representative of Dallas police officers and firefighters under the [Agreement], have an interest in potentially bringing claims against the City of Dallas, which may include breach of contract and declaratory judgment, as well as equitable and/or injunctive relief" and (2) the City's governmental immunity from suit has been waived under section 147.007(b) of the local government code. *See* TEX. LOC. GOV'T CODE ANN. § 147.007(b) (providing state district court has jurisdiction on application of party aggrieved by "action or omission" related to "right, duty or obligation" provided by certain written agreements).

On January 28, 2011, the City filed a "Plea to the Jurisdiction and Response to Petitioners' Rule 202 Petition." As grounds for its plea to the jurisdiction, the City contended the Petition should be dismissed for want of jurisdiction because (1)

a review of the language of the Agreement demonstrates the Associations have not alleged an action or omission by the City that is related to a right, duty, or obligation under the Agreement such that the trial court would have jurisdiction pursuant to section 147.007(b) of the local government code, (2) the Associations do not have standing to bring a breach of contract claim that is not valid or to complain about the City's allocation of funds, and (3) the Associations' claims are not ripe.

Following a hearing, the trial court signed an order in which it denied the City's plea to the jurisdiction and "OR-DERED, ADJUDGED, and DECREED that the Petitioners' Rule 202 Petition to Investigate Claim is ALLOWED TO GO FORWARD." (emphasis original). This interlocutory appeal timely followed.[3] *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (West 2008) (allowing for interlocutory appeal of order denying plea to jurisdiction by governmental unit).

## II. DENIAL OF CITY'S PLEA TO THE JURISDICTION

### A. Standard of Review and Applicable Law

■■ Whether a trial court has subject matter jurisdiction is a matter of law that is reviewed de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217,

---

**3.** At the conclusion of the hearing on the City's "Plea to the Jurisdiction and Response to Petitioners' Rule 202 Petition," the trial judge made oral findings that "the likely benefit of allowing the . . . petitioners to take the requested depositions to investigate potential claims outweighs the burden or expense of the procedure" and "allowing the petitioners to take the requested depositions may prevent a failure or delay of justice in an anticipated suit." *See* TEX.R. CIV. P. 202.4 (addressing required findings and contents as to rule 202 orders). Further, the trial judge stated "[t]he 202 is granted" and "[t]he Court orders that

the depositions be upon oral examination." The record does not contain an order authorizing the Associations to take the depositions requested. *See* TEX.R. CIV. P. 202.2(h). However, to the extent the Petition was "granted," this appeal does not address any matter respecting the trial court's rulings beyond jurisdiction. *See IFS Sec. Grp., Inc. v. Am. Equity Ins. Co.*, 175 S.W.3d 560, 563 (Tex.App.-Dallas 2005, no pet.) (order pursuant to rule 202 allowing pre-suit discovery incident to contemplated lawsuit against party from whom discovery is sought is not final, appealable order).

226, 228 (Tex.2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002); *Robinson v. Neeley,* 192 S.W.3d 904, 907 (Tex.App.-Dallas 2006, no pet.). In performing this review, an appellate court does not look to the merits of the case, but considers only the pleadings and evidence relevant to the jurisdictional inquiry. *See Miranda,* 133 S.W.3d at 227; *Cnty. of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002).

■■■ A party may challenge the trial court's subject matter jurisdiction by filing a plea to the jurisdiction. *Miranda,* 133 S.W.3d at 225–26. When such a plea challenges the claimant's pleadings, we determine whether the claimant has pleaded facts that affirmatively demonstrate the trial court's jurisdiction. *Id.* at 226. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.* (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993)); *see also* TEX.R. CIV. P. 45 ("All pleadings shall be construed so as to do substantial justice."). If the pleadings do not allege facts sufficient to affirmatively demonstrate jurisdiction, but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded an opportunity to amend. *See Miranda,* 133 S.W.3d at 226–27; *see also Clifton v. Walters,* 308 S.W.3d 94, 98 (Tex. App.-Fort Worth 2010, pet. denied); *City of Austin v. Leggett,* 257 S.W.3d 456, 461 (Tex.App.-Austin 2008, pet. denied). If the pleadings affirmatively negate jurisdiction, the plea should be granted. *See Miranda,* 133 S.W.3d at 227; *Leggett,* 257 S.W.3d at 461.

■■■ Under the common-law doctrine of sovereign immunity, the state cannot be sued without its consent. *City of Houston v. Williams,* 353 S.W.3d 128, 134 (Tex. 2011) (citing *Tooke v. City of Mexia,* 197

S.W.3d 325, 331 (Tex.2006)). Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the state, including counties, cities, and school districts. *Harris Cnty. v. Sykes,* 136 S.W.3d 635, 638 (Tex.2004) (citing *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 n. 3 (Tex.2003)); *Learners Online, Inc. v. Dallas Indep. Sch. Dist.,* 333 S.W.3d 636, 641–42 (Tex. App.-Dallas 2009, no pet.). Like sovereign immunity, governmental immunity has two components: immunity from liability, which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether. *Tooke,* 197 S.W.3d at 332. Governmental immunity from suit deprives a trial court of subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *See Miranda,* 133 S.W.3d at 225–26.

■■■ "[E]ven if the State acknowledges liability on a claim, immunity from suit bars a remedy until the Legislature consents to suit." *Learners Online,* 333 S.W.3d at 642 (quoting *Ben Bolt–Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self–Ins. Fund,* 212 S.W.3d 320, 324 (Tex. 2006)). The plaintiff bears the burden of pleading facts affirmatively demonstrating waiver of immunity from suit. *See, e.g., City of Irving v. Seppy,* 301 S.W.3d 435, 443 (Tex.App.-Dallas 2009, no pet.). It is settled in Texas that for the Legislature to waive the State's sovereign immunity, a statute or resolution must contain a clear and unambiguous expression of the Legislature's waiver of immunity. *See* TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2010); *Taylor,* 106 S.W.3d at 696.

Chapter 147 of the Texas Local Government Code is titled "Local Control of Firefighter and Police Officer Employment Matters in Certain Municipalities with

Population of One Million or More." *See* Tex. Loc. Gov't Code Ann. §§ 147.001–.011 (West 2008 & Supp. 2010). Section 147.007(b) of that chapter provides in relevant part

> A state district court of the judicial district in which a majority of the population of the municipality is located has full authority and jurisdiction on the application of either party aggrieved by an action or omission of the other party when the action or omission is related to a right, duty, or obligation provided by any written agreement ratified as required by this chapter.

*Id.* § 147.007(b).

■■■ Under Texas Rule of Civil Procedure 202.1(b), a person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions "to investigate a potential claim or suit." Tex.R. Civ. P. 202.1(b). Pre-suit discovery pursuant to rule 202 "is not an end in itself," but rather "is in aid of a suit which is anticipated" and "ancillary to the anticipated suit." *In re Wolfe,* 341 S.W.3d 932, 933 (Tex.2011) (per curiam) (quoting *Office Emps. Int'l Union Local 277, AFL–CIO v. Sw. Drug Corp.,* 391 S.W.2d 404, 406 (Tex.1965)); *accord Lee v. GST Transp. Sys., L.P.,* 334 S.W.3d 16, 19 (Tex.App.-Dallas 2008, pet. denied). A rule 202 petition must "state the subject matter of the anticipated action, if any, and the petitioner's interest therein." Tex.R. Civ. P. 202.2(e).

### B. Analysis

#### 1. Immunity Not Waived by Rule 202

■■■ We begin with the City's third issue, in which it contends the trial court

does not have subject matter jurisdiction for the Petition because rule 202 "is not a waiver of sovereign immunity." [4] The City asserts

> Section 147.007 does not contemplate that the parties to the agreement can bring an action to investigate the existence of claims based on the contract. The court is only given the jurisdiction to enforce the agreement for an act or omission that involves a right, duty or obligation under the contract. The Rule 202 procedure is not the enforcement of the agreement.

(citation to statute omitted). Further, the City argues (1) "[t]he very nature of this 202 Petition is that the Associations do not have a grievance or know of a grievance with the City" and (2) "[t]he Associations, by filing the Rule 202 petition, admit that they have no evidence that they are aggrieved by an act or omission of the City related to a right, duty or obligation under the Agreement." Additionally, the City asserted during oral submission before this Court that, in accordance with such reasoning, a rule 202 deposition can never be used to investigate a potential claim against a governmental entity that has immunity from suit.

The Associations respond that "[s]ubject matter jurisdiction exists to authorize a rule 202 deposition when it cannot be said that the court would lack jurisdiction over the potential underlying claim."

■■■ The Texas Constitution states, "The Supreme Court shall promulgate rules of civil procedure for all courts not inconsistent with the laws of the state as may be necessary for the efficient and uniform administration of justice in the

---

**4.** The parties do not dispute that the City has governmental immunity. To the extent the City uses the terms "sovereign immunity" and "governmental immunity" interchangeably, we construe the issues in this appeal to pertain to "governmental immunity." *See Sykes,* 136 S.W.3d at 638.

various courts." TEX. CONST. art. V, § 31(b); *see also Centennial Ins. Co. v. Commercial Union Ins. Cos.*, 803 S.W.2d 479, 482 (Tex.App.-Houston [14th Dist.] 1991, no writ) (rulemaking authority for Texas Rules of Civil Procedure is vested exclusively in Supreme Court of Texas) (citing *Beach v. Runnels*, 379 S.W.2d 684, 686 (Tex.Civ.App.-Dallas 1964, writ ref'd)). Pursuant to that authority, the supreme court has promulgated the Texas Rules of Civil Procedure. *See generally* TEX.R. CIV. P. 1–822. Those rules specifically provide they are not to be construed to (1) "enlarge or diminish any substantive rights or obligations of any parties to any civil action" or (2) "extend or limit the jurisdiction of the courts of the State of Texas nor the venue of actions therein." TEX.R. CIV. P. 815, 816. By contrast, Texas courts defer to the Legislature to determine whether and to what extent immunity should be waived. *See City of Galveston v. State*, 217 S.W.3d 466, 472–73 (Tex.2007). Thus, the fact that rule 202 does not provide for waiver of immunity is not dispositive as to whether a rule 202 deposition can be used to investigate a potential claim against a governmental entity that has immunity from suit.

Rather, the rules of civil procedure, including rule 202, provide a procedural mechanism "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." TEX.R. CIV. P. 1. The operation of that mechanism was illustrated recently in *Wolfe*. *See* 341 S.W.3d at 932. In that case, the Harris County Department of Education and four of its seven trustees petitioned the trial court under rule 202 to order the deposition of another trustee, Michael Wolfe, in order to investigate suspected wrongdoing that might lead to a removal suit. *Id.* Wolfe contended that only the county attorney had standing to seek discovery that might lead to his

ouster because by statute, "[t]he county attorney shall represent the state in a proceeding for the removal of [a county] officer" other than himself or the district attorney. *Id.* (quoting TEX. LOC. GOV'T CODE ANN. § 87.018(d)). The trial court granted the petition and ordered Wolfe's deposition, and the court of appeals denied Wolfe's petition for mandamus. *Id.*

However, the supreme court granted Wolfe's petition for mandamus and directed the trial court to vacate its order and dismiss the proceeding. *Id.* at 933. The supreme court stated that without joinder of the proper state official, the court does not have "jurisdiction to hear and determine the cause." *Id.* at 932. The court reasoned

> The Department argues that the county attorney's joinder is not required because a rule 202 proceeding is not a removal proceeding. But pre-suit discovery "is not an end within itself"; rather it "is in aid of a suit which is anticipated" and "ancillary to the anticipated suit."

*Id.* at 933 (citations omitted).

Here, as described above, the City argues "[t]he Rule 202 procedure is not the enforcement of the agreement" and section 147.007(b) is therefore inapplicable. However, the pre-suit discovery requested by the Associations "is not an end within itself," but rather is "in aid of a suit which is anticipated" and "ancillary to the anticipated suit." *Id.*; *accord Lee*, 334 S.W.3d at 19. Therefore, in determining jurisdiction, we look to the substantive law respecting the anticipated suit. *See Wolfe*, 341 S.W.3d at 933; *City of Willow Park v. Squaw Creek Downs, L.P.*, 166 S.W.3d 336, 340–41(Tex.App.-Fort Worth 2005, no pet.) (trial court had jurisdiction over plaintiff's rule 202 petition to investigate billing dispute and validity of lien filed by city

against plaintiff's property, where city conceded trial court would have jurisdiction over any trespass to try title suit arising from its lien); *cf. In re Jorden,* 249 S.W.3d 416, 420–22 (Tex.2008) (because Texas statute limits discovery in health-care lawsuits until after plaintiff serves expert report, pre-suit depositions under rule 202 are prohibited until after expert report is served).

We decide against the City on its third issue.

### 2. Waiver Pursuant to § 147.007(b)

In its second issue, the City contends the trial court does not have subject matter jurisdiction for the Petition because "the Associations do not have a valid underlying claim against the City under section 147.007(b)" and waiver pursuant to that section is therefore inapplicable. According to the City, "the Associations' complaints are not sufficient to establish subject matter jurisdiction because the complaints either do not establish a City act or omission that aggrieved them, or they do not establish a right, duty or obligation under the Agreement." [5]

The Associations argue they "have articulated a claim that falls within the clear-and-unambiguous waiver found in section 147.007(b)." Additionally, they assert "[t]he City waived its immunity from suit when it entered into a meet-and-confer agreement under Chapter 147."

 First, we address the Associations' contention that the City waived its governmental immunity pursuant to section 147.007(b) by entering into the Agreement. In support of that contention, the Associations cite *Texas A & M University–Kingsville v. Lawson,* 87 S.W.3d 518 (Tex.2002). In that case, a plurality of the

supreme court concluded that if a government entity agrees to settle a lawsuit from which it is not immune, it cannot claim immunity from suit for breach of the settlement agreement. *Id.* at 518. In so holding, the court reasoned (1) "[o]nce the Legislature has decided to waive immunity for a class of claims, the inclusion of settlements within the waiver is consistent with that decision" and (2) "[t]he State should not regain waived immunity by settling a case." *Id.* at 522.

*Lawson* has been interpreted as applying only to settlement contracts. *See Slade v. Tex. S. Univ. Bd. of Regents,* 232 S.W.3d 395, 399 (Tex.App.-Houston [1st Dist.] 2007, no pet.). Further, subsequent to *Lawson,* the supreme court has stated that "[b]y entering into a contract the State waives its immunity from liability but not its immunity from suit." *Ben Bolt–Palito Blanco Consol. Indep. Sch. Dist.,* 212 S.W.3d at 324. In this case, the Agreement is not a settlement contract pertaining to a lawsuit from which the City is not immune. *See Lawson,* 87 S.W.3d at 518. Therefore, we conclude *Lawson* is inapposite.

 Second, we consider whether waiver of immunity pursuant to section 147.007(b) is otherwise applicable in this case. Under section 147.007(b), "[a] state district court ... has full authority and jurisdiction on the application of either party aggrieved by an action or omission of the other party when the action or omission is related to a right, duty, or obligation" provided by certain written agreements. Tex. Loc. Gov't Code Ann. § 147.007(b).

The Agreement states, in relevant part,
The City regulates Special Events as described in City Code Chapter 42A,

---

5. The parties do not dispute that the Contract is a "written agreement ratified as required"

by chapter 147. *See* Tex. Loc. Gov't Code Ann. § 147.007(b).

which is currently being reviewed and revised. It is the City's intention in the revision of Chapter 42A to require special event permittees to use off-duty Dallas Police Officers and Fire–Rescue personnel where lawfully possible....[6] Under article 4, section 1, of the Agreement, the City retains the "sole, exclusive, and vested right, prerogative, power, and authority" to manage the police and fire-rescue departments and workforce "in all respects," including, *inter alia,* "the right to assign and direct the work of Officers, including the scheduling and assignment and reassignment of duties, responsibilities and hours of work." Article 10, section 2, provides, in part, "[f]or the period from October 1, 2010 through March 31, 2012, the Parties agree that the City may compensate Police Officers' and Firefighters' ... overtime hours solely with compensatory time in lieu of overtime compensation." The only exceptions to section 2 of article 10 are contained in section 3 of that article and include, *inter alia,* "Super Bowl overtime hours" and "[g]rant-funded and other reimbursed overtime hours." Further, the Agreement provides in article 18 that "[n]otwithstanding any provision in the entirety of this Agreement, neither this Agreement nor any provision of this Agreement makes any statute, ordinance, charter provision or other written rule, order, or policy a contract or a contractual obligation."

The City asserts three arguments in support of its contention that the facts alleged by the Associations do not fall within the "contours" of section 147.007(b). First, the City contends the Associations "do not have a breach of contract claim for a violation of Chapter 42A of the Dallas City Code." According to the City,

A plain reading of the Agreement demonstrates that it does not require the City to immediately require special event permittees to use off-duty Dallas police officers and fire-rescue personnel. It does not even require the City to change the requirements of chapter 42A or to do so by a certain date....

Furthermore, nothing in the version of chapter 42A at the time of the hearing or the Agreement prevents the City from assigning on-duty officers to events if the City determines that officers are needed.... Thus, the City cannot breach the Agreement by scheduling on-duty officers to events.

(citations to record omitted). Moreover, the City argues, (1) "the Dallas City Code in effect at the time of the plea to the jurisdiction hearing did not even require

---

**6.** At the time the Agreement was executed, section 42A of the Dallas City Code did not require permit holders to hire only Dallas police officers or firefighters, nor did it make any mention of "off-duty" status respecting such officers and personnel. *See* DALLAS, TEX., CODE § 42A–12(a) (2006). On February 9, 2011, the code was amended to provide, in relevant part,

The emergency medical personnel required to be provided at a special event by this section must be sworn members of the Dallas fire-rescue department, except that the chief of the Dallas fire-rescue department may authorize a special event applicant or permit holder to provide emergency medical personnel from other jurisdictions....

Off-duty jobs for Dallas fire-rescue officers at a special event must comply with the Dallas Fire–Rescue Rules and Regulations. *Id.* § 42A–11.1(c) (2011). Additionally, the amended code stated

The police officers required to be provided at a special event by this section must be sworn members of the Dallas police department, except that the chief of the Dallas police department may authorize a special event applicant or permit holder to provide peace officers from other jurisdictions.... Off-duty jobs for Dallas police officers at a special event must comply with the Dallas Police Department General Orders and Code of Conduct. *Id.* § 42A–12(c).

permittees to hire only Dallas officers or firefighters" and (2) pursuant to article 18 of the Agreement, "the manner and method of implementing chapter 42A cannot be a breach of the Agreement."

Second, the City asserts the Associations "have not and cannot state a breach of an obligation under the Agreement to pay overtime hours for the Super Bowl and other grant-funded and reimbursed work." The City contends article 10 of the Agreement "simply provides how compensatory time is to be calculated and when officers must be paid overtime instead of receiving compensatory time." According to the City, the Associations "have not identified any right, duty or obligation of the City under the Agreement to assign only officers and firefighters eligible for overtime to grant-funded and reimbursed events." Thus, the City argues, it "cannot breach the Agreement by scheduling on-duty officers during their regular 40–hour work week to events."

Third, the City contends the Associations "do not have a breach of Agreement claim for the City's decisions allocating resources." The City asserts the Associations "do not point to anywhere in the Agreement that concerns how the City will allocate or otherwise spend the money that it receives, nor do they point to any provisions concerning their rights as third-party beneficiaries of money received by private entities." According to the City, "[t]he Agreement does not concern the use of funds received from third parties or how the funds are to be utilized." Moreover, the city argues, "to the extent that the Associations are alleging that the Agreement allows them to dictate how the City uses those funds, such an agreement is unenforcable."

"Rule 202 does not require a petitioner to plead a specific cause of action; instead, it requires only that the petitioner 'state the subject matter of the anticipated action, if any, and the petitioner's interest therein[.]' " *City of Houston v. U.S. Filter Wastewater Grp., Inc.,* 190 S.W.3d 242, 245 n. 2 (Tex.App.-Houston [1st Dist.] 2006, no pet.) (quoting TEX.R. CIV. P. 202.2(e)). However, the supreme court has stated there is "cause for concern about insufficient judicial attention to petitions to take pre-suit discovery" and "judges should maintain an active oversight role to ensure that [such discovery is] not misused." *In re Does,* 337 S.W.3d 862, 865 (Tex.2011); *accord Wolfe,* 341 S.W.3d at 933 ("[c]ourts must strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule"). Further, in certain contexts, the requesting party's burden is heightened with respect to rule 202. *See In re Rockafellow,* No. 07–11–00066–CV, 2011 WL 2848638, at *4 (Tex.App.-Amarillo July 19, 2011, orig. proceeding) (where requested rule 202 deposition would involve disclosure of trade secret information, requesting party's burden under rule 202.2(e) is heightened).

Here, the Associations have stated the "subject matter of the anticipated action" and their "interest therein." *See* TEX.R. CIV. P. 202.2(e). However, this case involves not only rule 202, but also jurisdiction based on waiver of governmental immunity. As described above, in determining jurisdiction, we look to the substantive law respecting the anticipated suit. *See Wolfe,* 341 S.W.3d at 933; *City of Willow Park,* 166 S.W.3d at 340–41. In this case, the substantive law respecting the waiver of governmental immunity, section 147.007(b), requires that the Association's rule 202 petition be sufficiently specific to demonstrate the Associations were potentially "aggrieved" under the Agreement. *See* TEX. LOC. GOV'T CODE ANN. § 147.007(b). We cannot conclude the Petition satisfies that requirement.

**558**

Therefore, we decide in favor of the City on its second issue. Additionally, based on the resolution of that issue, we decide in favor of the City on its first issue.[7]

 However, the Associations alleged in the Petition that each of two persons they seek to depose "is responsible for directing his command staff to engage in activity contrary to normal City procedures in the context of off-duty jobs, and possibly in violation of the City's agreements in the [Agreement] and State law." On this record, we cannot conclude the Petition "affirmatively demonstrate[s] incurable defects in jurisdiction." *See Miranda*, 133 S.W.3d at 226. Therefore, the Associations should be "afforded the opportunity to amend." *Id.* at 227.

### 3. Standing and Ripeness

In its fourth and fifth issues, the City challenges the "common-law" and "statutory" standing of the Associations and the ripeness of their complaints. However, the City's contentions as to standing and ripeness are based on the lack of (1) "an alleged grievance related to a right, duty or obligation in the Agreement" or (2) a showing that the Associations' complaint "differs from a claim that a member of the general public might have." In light of our conclusion above that the Associations should be afforded the opportunity to amend the Petition, we conclude the City's fourth and fifth issues are moot. *See Gen. Agents Ins. Co. of Am., Inc. v. El Naggar*, 340 S.W.3d 552, 556 (Tex.App.-Houston [14th Dist.] 2011, no pet.) (issue may become moot when party seeks ruling on matter which, when rendered, would not have any practical legal effect on then-existing controversy).

7. In its first issue, the City contends "[t]he trial court erred in denying the plea to the

## III. CONCLUSION

We conclude the Petition does not affirmatively demonstrate the trial court's jurisdiction, but does not affirmatively demonstrate incurable defects in jurisdiction. Accordingly, the Associations are given an opportunity to amend. We decide in favor of the City on its first and second issues and against the City on its third issue. We need not address the City's fourth and fifth issues.

We reverse the trial court's denial of the City's plea to the jurisdiction and remand this case to the trial court for further proceedings consistent with this opinion.