**Conditionally GRANT; and Opinion Filed April 1, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00249-CV

## IN RE DALLAS COUNTY HOSPITAL DISTRICT D/B/A PARKLAND HEALTH & HOSPITAL SYSTEM, Relator

**Original Proceeding from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-15335**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang, and Brown
Opinion by Justice O'Neill

Relators filed this mandamus proceeding after the trial court ordered relator to submit to a pre-suit deposition pursuant to Rule 202 of the Texas Rules of Civil Procedure. We conclude the trial court abused its discretion and relator has no adequate remedy by appeal. We therefore conditionally grant the writ of mandamus.

### I. FACTUAL AND PROCEDURAL CONTEXT

On December 31, 2013, real party in interest filed a verified petition under Rule 202 of the Texas Rules of Civil Procedure seeking the pre-suit deposition and production of documents from relator, Dallas County Hospital District d/b/a Parkland Health & Hospital System ("Parkland") for use in an anticipated suit. Relator's petition did not allege that the pre-suit discovery would prevent a failure or delay of justice. The trial court conducted a hearing on the petition for pre-suit deposition. Upon conclusion of the hearing, the trial court found that allowing real party to take the requested deposition might prevent a failure or delay of justice in

an anticipated suit and ordered Parkland to submit to an oral deposition and produce documents pursuant to Rule 202.

## II. STANDARD FOR MANDAMUS RELIEF

To obtain mandamus relief, relator must show both that the trial court has abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court has "no 'discretion' in determining what the law is or applying the law to facts." *In re Prudential*, 148 S.W.3d at 135 (quoting *Walker*, 827 S.W.2d at 840). In cases in which the trial court abuses its discretion in improperly granting a pre-suit deposition, the order is reviewable by mandamus because the relator has no adequate remedy by appeal. *Patton Boggs LLP v. Moseley*, 394 S.W.3d 565, 571 (Tex. App.—Dallas, 2011, no pet.).

## III. REQUIREMENTS OF RULE 202

A trial court's order permitting discovery under Rule 202 is reviewed under an abuse of discretion standard. *Patton Boggs*, 394 S.W.3d at 568–69. Rule 202 depositions are not intended for routine use. *In re Jorden*, 249 S.W.3d 416, 423 (Tex. 2008) (orig. proceeding). "Courts must strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding).

Rule 202.1 provides two possible bases for authorizing pre-suit discovery. Rule 202.1(a) provides for depositions to perpetuate testimony for use in an anticipated suit, while Rule 202.1(b) provides for depositions to investigate a potential claim or suit. TEX. R. CIV. P. 202.1. Rule 202.4 addresses the findings a trial court must make in allowing pre-suit depositions. Rule 202.4 provides:

> (a) Required Findings. The court must order a deposition to be taken if, but only if, it finds that:

(1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; or

(2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure.

TEX. R. CIV. P. 202.4(a).

Ultimately, the decision a petitioner makes as to which reason he requests a Rule 202 deposition affects the finding the trial court is required to make to support an order allowing a Rule 202 deposition. If the petitioner requests a deposition to obtain testimony for use in an anticipated suit, the trial court must find that allowing the petitioner to take the requested deposition may prevent a failure or delay of justice. *In re Denton*, No. 10-08-00255-CV, 2009 WL 471524, at *2 (Tex. App.—Waco Feb. 25, 2009, orig. proceeding) (mem. op.). If the petitioner requests a deposition to investigate a potential claim, however, the trial court must find that the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. *Id.; Patton Boggs*, 394 S.W.3d at 570. The trial court must expressly make the findings required under Rule 202.4; Rule 202.4 does not permit the required findings to be implied from the record. *See In re Does 1 and 2,* 337 S.W.3d 862, 865 (Tex. 2011). A trial court abuses its discretion in ordering a pre-suit deposition under Rule 202 if it fails to make the required findings. *Patton Boggs,* 394 S.W.3d at 571.

Here, real party sought the deposition of relator under Rule 202.1(b) to investigate a potential claim or suit. Accordingly, the trial court was required to find, and did find, that the pre-suit discovery was necessary because it might prevent a failure or delay of justice in the anticipated suit. Real party argued at the hearing on the motion that the deposition might become necessary because Parkland has high employee turnover. The record does not demonstrate that real party offered any evidence in support of its concerns or explain how its

concern related to high employee turnover might be relevant to a request to depose a corporate representative, rather than a specific, named individual. It is not sufficient to articulate a "vague notion" that evidence will become unavailable by the passing of time without producing evidence to support such a claim. *See In re Hochheim Prairie Farm Mut. Ins. Ass'n,* 115 S.W.3d 793, 795-796 (Tex. App.— Beaumont 2003, orig. proceeding). Even sworn or verified pleadings are not generally considered competent evidence to prove the facts alleged in the pleadings. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995). Similarly, argument of counsel is not evidence and cannot supply the factual basis for granting a Rule 202 petition. *In re Rockafellow*, No. 07-11-00066-CV, 2011 WL 2848638, at *4 (Tex. App.—Amarillo July 19, 2011, orig. proceeding) (mem. op.); *Love v. Moreland*, 280 S.W.3d 334, 336 n. 3 (Tex. App.—Amarillo 2008, no pet.).

It is an abuse of discretion for a trial court to order a Rule 202 deposition when the party seeking the deposition fails to provide any evidence to meet the burden of establishing the facts necessary to support ordering a Rule 202 deposition. *See In re Campo*, No. 05-13-00477-CV, 2013 WL 3929251, at *1 (Tex. App.—Dallas July 26, 2013, orig. proceeding) (mem. op.) (mandamus conditionally granted where no evidence was presented to the trial court at the hearing on the motion and party seeking Rule 202 deposition did not formally offer or admit its verified pleading at the hearing). The trial court clearly abused its discretion in ordering the Rule 202 deposition in the absence of evidence supporting real party's contention that the deposition was necessary to prevent a failure or delay of justice in the anticipated suit.

### IV. SOVEREIGN IMMUNITY

Parkland also argues that the trial court abused its discretion in granting pre-suit discovery under Rule 202 because real party failed to plead a basis for overcoming governmental immunity. A Rule 202 proceeding is in aid to an anticipated suit; it is not an end in itself. *City*

–4–

*of Dallas v. Dallas Black Fire Fighters Ass'n*, 353 S.W.3d 547, 553 (Tex. App.—Dallas 2011, no pet.). Rule 202 does not in itself waive sovereign immunity. *Id.*at 553–54. In determining whether a court has jurisdiction in a Rule 202 proceeding, the Court must look to the substantive law governing the anticipated suit. *Id.* at 554. In a case involving governmental immunity, the rule 202 petition must be sufficiently specific to demonstrate a basis for overcoming governmental immunity. *Id.* at 557; A Rule 202 petition may often have to plead more than the minimum required by Rule 202 in order to affirmatively demonstrate the trial court's subject-matter jurisdiction over the proceedings. *Id.*; *Combs v. Texas Civil Rights Project*, 410 S.W.3d 529, 536 (Tex. App.—Austin 2013, pet. filed). "The petition must also set forth specific facts demonstrating that, at least potentially, the petitioner has been injured by actions that would amount to a claim which would not be barred by sovereign immunity." *Combs,* 410 S.W.3d at 536.

Real party's petition does not plead any specific basis for overcoming sovereign immunity. At the hearing on the petition to take pre-suit deposition, counsel for real party argued that he suspected that despite the contrary statements given to real party in his termination proceedings, real party might have been terminated based on his age. His petition for pre-trial deposition, however, states only, "the subject matter of the anticipated suit/claim is Parkland's termination of Petitioner's employment in July 2013, " "Parkland may be liable to Petitioner for the anticipated causes of action," "during the course of Petitioner's termination, Parkland refused to provide Petitioner with specific reasons for his termination," "during his initial [administrative] appeal of his termination Parkland continued to refuse to provide Petitioner with complete details of the basis for his termination." These bases, even had they been supported with evidence offered at the hearing, could not provide a basis for overcoming sovereign immunity. The trial court abused its discretion in concluding that real party was entitled to

discovery under Rule 202 under the facts of this case because there was no evidence before the trial court that could provide a basis for concluding that real party's potential claim would not be barred by sovereign immunity.

## V. CONCLUSION

For the reasons set forth above, we **CONDITIONALLY GRANT** the relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its February 7, 2014 Order on Petitioner Daniel Mergen's Verified Petition to Take Deposition Before Suit.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

140249F.P05