**Writ Conditionally Granted and Appeal Dismissed, and Opinion Filed October 26, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00289-CV

### IN RE CITY OF DALLAS, Relator

### and

### CITY OF DALLAS, Appellant
### V.
### HEATHER RUSSELL, Appellee

**Original Proceeding and on Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-16097**

## MEMORANDUM OPINION
Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Lang

In these consolidated proceedings, the City of Dallas (City) filed a petition for writ of mandamus or, in the alternative, an appeal of the trial court's order granting Heather Russell's rule 202 petition authorizing pre-suit depositions, and an interlocutory appeal arguing the trial court erred when it denied the City's plea to the jurisdiction.[1]  We conclude the appropriate remedy in

---

[1] By order of April 24, 2018, this Court consolidated the original proceeding styled *In re City of Dallas*, cause number 05-18-00413-CV, with the interlocutory appeal and appeal styled *City of Dallas v. Russell*, cause number 05-18-00289-CV.  As a result, cause number 05-18-00298-CV is treated as a closed case.  The City's original proceeding and appeals were argued together and are disposed together in this opinion.

this case is a petition for writ of mandamus and conditionally grant the City's petition. We dismiss the interlocutory appeal and appeal.[2]

## I. PROCEDURAL CONTEXT

On November 21, 2017, Russell filed her original petition for rule 202 depositions to investigate claims. According to the rule 202 petition, Russell is the mother of Alton Anthony Folmar Jr. who was shot and killed by Officer Darren Burch of the Dallas Police Department. Russell sought authorization to depose Officer Burch. She also sought authorization to depose and issue a subpoena *duces tecum* to the City and the "Dallas County Medical Examiner/Southwestern Institute of Forensic Sciences." According to Russell's rule 202 petition, she sought the depositions to "investigat[e] potential claims pursuant to 42 U.S.C. § 1983." Russell filed her rule 202 petition after she was unable to obtain the records through the Texas Public Information Act. The City and Officer Burch filed a plea to the jurisdiction and response to the rule 202 petition. The "Dallas County Medical Examiner/Southwestern Institute of Forensic Sciences" filed a separate response to the rule 202 petition.

On March 8, 2018, after a hearing, the trial court signed an order that: (1) denied the City and Officer Burch's plea to the jurisdiction; (2) found the likely benefit of allowing Russell "to take certain requested depositions . . . to investigate a potential claim, outweighs the burden or expense of the procedure"; (3) granted the rule 202 petition as to the City and the "Dallas County Medical Examiner/Southwestern Institute of Forensic Sciences," and denied the rule 202 petition as to Officer Burch; and (4) ordered Russell, her counsel, and her counsel's employees to refrain from discussing, disclosing, releasing, or transmitting to anyone any information obtained through

---

[2] This appeal involves similar legal arguments, but different facts, as our opinion in *In re City of Dallas*, No. 05-18-00453-CV, (Tex. App.—Dallas, Oct. 26, 2018, orig. proceeding) (mem. op.), which issued on the same date as this opinion. In that case, the Dallas Companion Animal Project filed a rule 202 petition to investigate potential claims. Similar to this case, we concluded that a petition for a writ of mandamus was the appropriate remedy for the City of Dallas because it was a potential defendant. However, unlike this case, we determined that the Dallas Companion Animal Project's rule 202 petition was sufficient and denied the City's petition for a writ of mandamus.

the taking of the depositions until the earlier of either a grand jury determination to indict Officer Burch for the death of Folmar or further order of the trial court.[3]

## II. APPROPRIATE REMEDY

Initially, we must determine the appropriate remedy available to the City in this case. The City asserts that, pursuant to section 51.014(a)(8) of the Texas Civil Practice and Remedies Code, an interlocutory appeal is the appropriate remedy to address the trial court's denial of its plea to jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). However, the City acknowledges that Russell's rule 202 petition did not specify whether Russell sought to obtain pre-suit discovery under rule 202.1(a), which it contends results in an interlocutory order, or rule 202.1(b), which it claims results in a final order. *See* TEX. R. CIV. P. 202.1. The City contends it is unclear whether a petition for writ of mandamus or an appeal is the appropriate remedy. As a result, the City has filed a petition for writ of mandamus and, in the alternative, a brief on appeal challenging the trial court's order granting Russell's rule 202 petition authorizing pre-suit depositions. Russell responds that the trial court's order granting her rule 202 petition is appealable as a final judgment. Russell argues that she "does not yet know whether any claim will be filed, or, if a claim is ultimately filed, precisely who the defendants will be." Also, Russell maintains that her counsel's statement "*if we ever* want to assert claims against the City" did not state or imply that a suit against the City was "presently contemplated." However, Russell concedes that "an excessive force claim, if filed, would likely include the officer that used the excessive force."

### A. *Applicable Law*

Texas Rule of Civil Procedure 202.1 permits a person to petition the trial court for an order authorizing the taking of a pre-suit deposition on oral examination or written questions: (a) to

---

[3] Neither Officer Burch nor the "Dallas County Medical Examiner/Southwestern Institute of Forensic Sciences" have filed a petition for writ of mandamus or an appeal of the trial court's order.

perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim or suit. R. CIV. P. 202.1(a)–(b). When a pre-suit deposition is sought from an anticipated defendant such orders have been considered ancillary to the subsequent suit. *See In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding) (citing *Office Emps. Int'l Union Local 277 v. Sw. Drug Corp.*, 391 S.W.2d 404, 406 (Tex. 1965) ("The taking of depositions to perpetuate testimony is ancillary to the anticipated suit.")). As a result, those orders are interlocutory, i.e., they are neither final nor appealable. *See In re Jorden*, 249 S.W.3d at 419; *see also* CIV. PRAC. & REM. § 51.014 (listing the interlocutory orders that may be appealed). However, a trial court order granting a petition involving a requested pre-suit deposition of a potential or anticipated defendant, i.e., person against whom a suit is contemplated, is subject to mandamus review. *See In re Baxter*, No. 05-16-01174-CV, 2016 WL 6099547, at *1–2 (Tex. App.—Dallas Oct. 19, 2016, orig. proceeding). In contrast, orders granting pre-suit discovery from third parties against whom suit is not anticipated are final and appealable because the rule 202 petitioner does not seek or contemplate further relief from those third parties. *See In re Jorden*, 249 S.W.3d at 419 & n.7; *In re Elliott*, 504 S.W.3d 455, 459 n.1 (Tex. App.—Austin 2016, orig. proceeding).

The determination of whether an order granting a rule 202 petition is an interlocutory or final order is based on whether the deponent is a potential or anticipated defendant or a third party, not whether the petition was filed under rule 202.1(a) or 202.1(b). *See, e.g., In re Jorden*, 249 S.W.3d at 419 (mandamus appropriate remedy where pre-suit depositions under rule 202.1(a) were sought from anticipated defendant); *Int'l Ass'n of Drilling Contractors v. Orion Drilling Co.*, 512 S.W.3d 483, 487 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (determined rule 202 order appealable where parties agreed petitioner did not anticipate bringing suit against deponent); *In re Elliott*, 504 S.W.3d at 459 n.1 (original proceeding appropriate remedy for petition brought under

rule 202.1(b) because sought to investigate potential claims against deponent). Further, "just as a summary judgment as to one of multiple parties does not make [an] order granting summary judgment appealable because it is only an interlocutory order, [] the denial of [a] [r]ule 202 [petition] when a suit or claim is contemplated against one of several deponents is also an interlocutory order and not appealable." *See Watson v. Magnablend, Inc.*, No. 10-12-00145-CV, 2013 WL 1697350, at *1 (Tex. App.—Waco Apr. 18, 2013, no pet.) (mem. op.).

### B. Application of the Law to the Facts

Russell's rule 202 petition states that she "seeks to investigate potential claims," she is "investigating potential claims pursuant to 42 U.S.C. § 1983," and the deposition testimony she seeks from the City "will enable [her] to conduct a good faith reasonable investigation regarding any 42 U.S.C. § 1983 claims regarding the [i]ncident." Although Russell states she is investigating potential claims, the record shows that the City is a potential defendant because, at the hearing, Russell's counsel stated with regard to the need to obtain records that there was a two year statute of limitations to bring 42 U.S.C. § 1983 claims and noted:

> [S]o we have to be prudent in that regard in obtaining these records if we're going to assert claims, and then under the *Monell* [*v. Department of Social Services. of City of New York*, 436 U.S. 658 (1978)] case if we ever want to assert claims against the [C]ity, it's completely different evidence and completely different allegations that we have to make.

(Italics added.) Russell's counsel also stated "he needed the requested discovery "before [he] can decide if there are any other potential defendants, whether they be individuals, or whether [he] has any *Monell* claims." (Italics added.)

Section 1983 provides a remedy for violations of federal rights committed by persons acting under the color of state law. *See* 42 U.S.C. § 1983. In *Monell*, the United States Supreme Court concluded that municipalities and other local government units are included within the definition of "person" for purposes of section 1983. *Monell*, 436 U.S. at 690. These statements

–5–

show that Russell contemplates filing a claim against the City.  *See In re Elliott*, 504 S.W.3d at 460; *see also IFS Security Grp., Inc. v. Am. Equity Ins.*, 175 S.W.3d 565, 565 (Tex. App.—Dallas 2005, no pet.).

Further, Russell's rule 202 petition sought authorization to depose Officer Burch.  She also sought authorization to depose and issue a subpoena *duces tecum* to the City and the "Dallas County Medical Examiner/Southwestern Institute of Forensic Sciences."  The trial court granted Russell's rule 202 petition as to the City and the "Dallas County Medical Examiner/Southwestern Institute of Forensic Sciences," and denied the rule 202 petition as to Officer Burch.  Russell has conceded that "an excessive force claim, if filed, would likely include the officer that used the excessive force."  "[J]ust as a summary judgment as to one of multiple parties does not make the order granting summary judgment appealable because it is only an interlocutory order," the trial court's order granting, in part, Russell's rule 202 petition is an interlocutory order and not appealable.  *See Watson*, 2013 WL 1697350, at *1.  In this case, Russell's rule 202 petition seeks pre-suit depositions from several deponents (i.e., Officer Burch, the City, and the "Dallas County Medical Examiner/Southwestern Institute of Forensic Sciences"), one of whom is an acknowledged potential defendant (i.e., Officer Burch).

Accordingly, in this case, we conclude the appropriate remedy for the City is a petition for writ of mandamus.  Based on our conclusion that a petition for writ of mandamus is the appropriate remedy for reviewing the trial court's order granting Russell's 202 petition, the City's interlocutory appeal of that order is dismissed.

### III.  ORIGINAL PROCEEDING ON RULE 202 ORDER

In its petition for a writ of mandamus, the City raises two issues, arguing the trial court abused its discretion and the City has no adequate remedy by appeal because: (1) Russell's rule 202 petition is insufficient to meet the rule 202 pleading requirements necessary for creating

subject-matter jurisdiction because (a) Russell did not plead jurisdictional facts for her potential claim under section 1983, and (b) Russell failed to plead jurisdictional facts to overcome governmental immunity[4]; and (2) there was no evidence to support the trial court's finding that the likely benefit of allowing Russell to take the requested deposition outweighs the burden or expense of the procedure.

### A. Standard for Mandamus

To be entitled to mandamus relief, a relator must show: (1) the trial court has clearly abused its discretion; and (2) there is no adequate remedy by appeal. *See In re Prudential Ins.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

### 1. Abuse of Discretion

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *See In re Prudential Ins.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts and abuses its discretion when its decision is arbitrary and capricious. *See In re Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840. Rule 202 depositions are not intended for routine use. *See In re Jorden*, 249 S.W.3d 416, 423 (Tex.2008) (orig .proceeding). "Courts must strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding) (per curiam). It is an abuse of discretion for a trial court to order a rule 202 deposition when the party seeking the deposition fails to provide any evidence to meet the burden of establishing the facts necessary to support ordering a rule 202 deposition. *See In re Heaven Sent Floor Care*, No. 05-16-00628-

---

[4] The City uses the terms "sovereign immunity" and "governmental immunity" interchangeably. We construe the issues in this original proceeding to pertain to governmental immunity. *See Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004).

CV, 2017 WL 462352, at *2 (Tex. App.—Dallas Jan. 30, 2017, orig. proceeding) (mem. op.); *In re Dallas Cty. Hosp. Dist.*, No. 05-14-00249-CV, 2014 WL 1407415, at *3 (Tex. App.—Dallas Apr. 1, 2014, orig. proceeding) (mem. op.); *In re Campo*, No. 05-13-00477-CV, 2013 WL 3929251, at *1 (Tex. App.—Dallas July 26, 2013, orig. proceeding) (mem. op.).

## 2. No Adequate Remedy by Appeal

The second requirement for mandamus relief, that the petitioner has no adequate remedy by appeal, "has no comprehensive definition." *See In re Prudential*, 148 S.W.3d at 136. An appeal is an inadequate remedy where a party's ability to present a viable claim or defense at trial is either completely vitiated or severely compromised. *See In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding); *Walker*, 827 S.W.2d at 843. Determining whether a party has an adequate remedy by appeal requires a "careful balance of jurisprudential considerations" and its meaning "depends heavily on the circumstances presented." *See In re Garza*, 544 S.W.3d at 840 (quoting *In re Prudential*, 148 S.W.3d at 136–37). A relator has no adequate remedy by appeal from a trial court's order granting a rule 202 deposition because his only opportunity to appeal the trial court's order would be after the deposition occurred. *See Patton Boggs L.L.P. v. Moseley*, 394 S.W.3d 565, 571 (Tex. App.—Dallas 2011, orig. proceeding); *In re Hewlett Packard*, 212 S.W.3d 356, 360 (Tex. App.—Austin 2006, orig. proceeding) (discussing disclosure of trade secrets). Also, a party to a rule 202 proceeding has no adequate remedy by appeal if the trial court abused its discretion by ordering discovery that would compromise procedural or substantive rights. *See In re PrairieSmarts L.L.C.*, 421 S.W.3d 296, 304 (Tex. App.—Fort Worth 2014, orig. proceeding); *see also In re Chernov*, 399 S.W.3d 234, 235 (Tex. App.—San Antonio 2012, orig. proceeding).

## B. Applicable Law

Rule 202 concerns the taking of depositions before suit or to investigate claims. R. CIV. P. 202; *see also Combs v. Tex. Civil Rights Project*, 410 S.W.3d 529, 531 (Tex. App.—Austin 2013,

pet. denied) (interlocutory appeal of denial of plea to jurisdiction). A rule 202 proceeding is in aid to an anticipated suit; it is not an end in itself. *See In re DePinho*, 505 S.W.3d 621, 623 (Tex. 2016) (orig. proceeding) (per curiam); *In re Wolfe*, 341 S.W.3d at 933; *In re Dallas Cty. Hosp.*, 2014 WL 1407415, at *3 (original proceeding of order granting rule 202 pre-suit deposition); *City of Dallas v. Dallas Black Fire Fighters Ass'n*, 353 S.W.3d 547, 553 (Tex. App.—Dallas 2011, no pet.) (interlocutory appeal of denial of plea to jurisdiction). A petition under rule 202 is ultimately a petition that asserts no substantive claim or cause of action upon which relief can be granted. *See Combs*, 410 S.W.3d at 534. A successful rule 202 petition simply acquires the right to obtain discovery. *See Combs*, 410 S.W.3d at 534.

Rule 202.2 lists the required contents of a petition seeking a pre-suit deposition. R. Civ. P. 202.2. Rule 202 does not require a petitioner to plead a specific cause of action. *See Dallas Black Fire Fighters*, 353 S.W.3d at 557. Instead, a rule 202 petition "must . . . state the subject matter of the anticipated action, if any, and the petitioner's interest therein." R. Civ. P. 202.2(e); *Dallas Black Fire Fighters*, 353 S.W.3d at 557. Title 42, section 1983, provides a private right of action against a person acting under the color of state law to redress the deprivation of rights, privileges, and immunities secured by the Constitution of the United States of America (United States Constitution) or federal law. *See, e.g.,* 42 U.S.C. 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017); *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012); *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Monell*, 436 U.S. at 691–92; *see also City of Dallas v. Saucedo-Falls*, 268 S.W.3d 653, 658 (Tex. App.—Dallas 2008, pet. denied). It is not a source of substantive rights, but a remedial statute designed to vindicate federal rights conferred elsewhere. *See, e.g., Albright*, 510 U.S. at 271; *Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 517–18 (1979); *see also Saucedo-Falls*, 268 S.W.3d at 659; *Wilkinson v. Dallas/Ft. Worth Int'l Airport Bd.*, 54 S.W.3d 1, 20 (Tex. App.—Dallas 2001, pet. denied).

There are two essential elements to a section 1983 action: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of rights secured by the United States Constitution or the laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527 (1981); *Saucedo-Falls*, 268 S.W.3d at 658–59. A section 1983 analysis begins by identifying the specific constitutional right allegedly infringed. *See Graham*, 490 U.S. at 394.

Also, a rule 202 petition may often have to plead more than the minimum required by rule 202 in order to affirmatively demonstrate the trial court's subject-matter jurisdiction over the proceedings. *See In re Dallas Cty. Hosp.*, 2014 WL 1407415, at *3; *Dallas Black Fire Fighters*, 353 S.W.3d at 557. Because pre-suit discovery is not an end within itself, for a party to properly obtain pre-suit discovery, the trial court must have subject-matter jurisdiction over the anticipated action. *See In re City of Dallas*, 501 S.W.3d 71, 73 (Tex. 2016) (orig. proceeding) (per curiam); *In re DePinho*, 505 S.W.3d at 625. Allowing a trial court to authorize rule 202 depositions for potential suits over which it lacks jurisdiction would untether pre-suit discovery from the suit it purports to be in aid of. *See In re City of Dallas*, 501 S.W.3d at 74 n.2; *In re DePinho*, 505 S.W.3d at 623. Rule 202 does not in itself waive governmental immunity. *See In re Dallas Cty. Hosp.*, 2014 WL 1407415, at *3; *Dallas Black Fire Fighters*, 353 S.W.3d at 553–54. Rule 202 depositions may not be used solely to investigate potential claims that are otherwise barred by governmental immunity. *See Combs*, 410 S.W.3d at 535. However, pre-suit depositions of governmental entities are not, in wholesale, barred by immunity either. *See Combs*, 410 S.W.3d at 534. In a case involving governmental immunity, the rule 202 petition must be sufficiently specific to demonstrate a basis for overcoming governmental immunity. *See In re Dallas Cty. Hosp.*, 2014 WL 1407415, at *3; *Dallas Black Fire Fighters*, 353 S.W.3d at 557. The rule 202 petition must set forth specific facts demonstrating that, at least potentially, the petitioner has been

injured by actions that would amount to a claim which would not be barred by governmental immunity. *See In re Dallas Cty. Hosp.*, 2014 WL 1407415, at \*3; *Combs*, 410 S.W.3d at 536.

### C.  *Application of the Law to the Facts*

The rule 202 petition states generally that Russell "is investigating potential claims pursuant to 42 U.S.C. § 1983." Also, the petition specifies, with respect to the City, only that the requested deposition with subpoena *duces tecum* "will enable [Russell] to conduct a good faith reasonable investigation regarding any 42 U.S.C. § 1983 claims regarding the [i]ncident." Russell's rule 202 petition fails to meet the pleading requirements for two reasons.

First, Russell's rule 202 petition focuses on her purported need to investigate potential claims pursuant to section 1983. However, title 42, section 1983, is not a source of substantive rights, but a remedial statute designed to vindicate federal rights conferred elsewhere. *See, e.g., Albright*, 510 U.S. at 271; *Graham*, 490 U.S. at 393–94; *Chapman*, 441 U.S. at 517–18; *see also Wilkinson*, 54 S.W.3d at 20. Although Russell was not required to state a specific cause of action, she was required to state the subject matter of the anticipated action. *See* R. CIV. P. 202.2. In her rule 202 petition, Russell fails to identify the federally protected right that was allegedly deprived. Accordingly, we conclude that Russell has failed to adequately state the subject matter of the anticipated action as required by rule 202.2.

Second, Russell's rule 202 petition does not plead any specific basis demonstrating that any relief sought would not be barred by governmental immunity. Russell was required to set forth specific facts demonstrating that, at least potentially, she has been injured by actions that would amount to a claim which would not be barred by governmental immunity. *See In re Dallas Cty. Hosp.*, 2014 WL 1407415, at \*3; *see also Dallas Black Fire Fighters*, 353 S.W.3d at 553 (interlocutory appeal of plea to jurisdiction). Accordingly, we cannot conclude that Russell's rule

202 petition seeks a pre-suit deposition of the City for purposes of investigating a potential claim over which the trial court would have jurisdiction. *See Combs*, 410 S.W.3d at 538.

We conclude the trial court abused its discretion because Russell failed to adequately plead a specific cause of action as required by rule 202.2 or to state with sufficient specificity a basis for overcoming governmental immunity. Also, we conclude the City has no adequate remedy by appeal because the City's only opportunity to appeal the trial court's order would be after the deposition with subpoena *duces tecum* occurred, which would compromise the City's procedural and substantive rights. *See In re Patton Boggs*, 394 S.W.3d at 571; *In re PrairieSmarts*, 421 S.W.3d at 304; *In re Hewlett Packard*, 212 S.W.3d at 360. Having ruled on the merits of the City's petition for writ of mandamus, we need not address the City's appeal of the trial court's order denying the City's plea to the jurisdiction. *See Tandem Energy Corp.*, No. 14-03-00815-CV, 2003 WL 22349032, at *1 (Tex. App.—Houston [14th Dist.] Oct. 16, 2003, no pet.) (mem. op.) (per curiam). Accordingly, the City's appeal is dismissed.

## IV. CONCLUSION

The trial court abused its discretion when it granted Russell's 202 petition as to the City and the City has no adequate remedy by appeal.

The City's interlocutory appeal and appeal are dismissed.

The City's petition for writ of mandamus is conditionally granted. The trial court is directed to vacate the portion of its March 8, 2018 order granting Russell's rule 202 petition as to the City. The writ of mandamus will issue only if the trial court fails to comply with this Court's opinion.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

180289F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN RE CITY OF DALLAS, Relator

and

CITY OF DALLAS, Appellant

No. 05-18-00289-CV    V.

HEATHER RUSSELL, Appellee

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-16097.
Opinion delivered by Justice Lang. Justices
Fillmore and Schenck participating.

In accordance with this Court's opinion of this date, appellant the City of Dallas's interlocutory appeal and appeal from the trial court's March 8, 2018 "Order (1) Granting In Part and Denying In Part Petitioner's Original Petition For Rule 202 Deposition to Investigate Claims and (2) Denying and Overruling the City of Dallas's Plea to the Jurisdiction" are **DISMISSED**.

It is **ORDERED** that appellant CITY OF DALLAS recover its costs of this appeal from appellee HEATHER RUSSELL.

Judgment entered this 26th day of October, 2018.